STEWART v. LAY.

1. **Receiver:** IRREGULARITIES OF: JURISDICTION. Any irregularities in the proceedings of a receiver can be corrected only by the court which appointed him, and his conduct will not be reviewed in an action in another forum.

2. **Corporation:** LIABILITY OF STOCKHOLDER: JURISDICTION. Where the assets of a corporation, with assessments upon the shares of stockholders, are sufficient to meet the corporate obligations, the stockholders are not liable in addition to an amount equal to their shares of stock, and the question of such sufficiency can be determined in an action at law.

3. ——: ——: LIMITATION OF. The liability of one stockholder is not limited by the amount which can be collected from other stockholders.

4. ——: ——: ACTS OF RECEIVER. The fraudulent acts or neglect of the receiver of an insolvent corporation constitute no defense to an action against a stockholder for contribution.

5. ——: ——: EQUITIES BETWEEN STOCKHOLDERS. The liability of the stockholder is separate from that of the other stockholders and may be enforced in an action at law, in which it is not essential to the establishment of his liability that the equities between him and his associates be determined.

*Appeal from Dubuque District Court.*

WEDNESDAY, APRIL 18.

ACTION at law against a stockholder of the Dubuque Savings Institution to recover the amount of unpaid assessments upon the stock, and a further amount equal to the stock for which the defendant is alleged to be liable on account of indebtedness accruing against the corporation while defendant was a stockholder therein. The petition of the plaintiff filed in the case is as follows:

"William G. Stewart, receiver of the Dubuque Savings Institution, plaintiff in this suit, by H. B. Fouke and W. J. Knight, his attorneys, brings this his suit against the defendant, James C. Lay, and claims of the said defendant the sum of ten thousand dollars, and for cause of claim states:

"I. That the Dubuque Savings Institution organized,

under and by virtue of the laws of the State of Iowa, as a banking incorporation, on or about the 18th day of February, A. D. 1866.

" That said institution issued its shares at one hundred dollars the share, and that said defendant became a member of said incorporation and shareholder thereof to the amount of fifty shares, representing the sum of five thousand dollars; that at the time of becoming the owner of said shares defendant paid thereon an assessment of ten per cent, or five hundred dollars in the aggregate. That said incorporation was organized to do business in Dubuque, and was engaged in the banking business at Dubuque from the time of its organization until on or about the 4th day of October, A. D. 1873, when said Dubuque Savings Institution became insolvent and was so declared by the District Court of Dubuque county, Iowa.

" That upon proper application, made by the proper officers of the State, plaintiff was by said court appointed the receiver of said Dubuque Savings Institution, and was on said 4th day of October, A. D. 1873, duly qualified as such receiver, and entered upon his duties as such, as by the papers and proceedings in that behalf still remaining in the office of the clerk of said court will more fully appear. That afterwards, to-wit: on the 27th day of October, A. D. 1873, said plaintiff, as receiver, under the authority and direction of said court, made an assessment of ninety per cent upon the capital stock of said Savings Institution, ten per cent of said capital stock having been previously assessed and paid in, and said plaintiff, as such receiver, gave both public notice in the newspapers printed in the city of Dubuque, and also personal notice to all the shareholders of said Savings Institution, that unless said assessments so made by plaintiff were paid, on or before December 1st, A. D. 1873, the same would be collected by suit.

" That said defendant is a shareholder in said institution of fifty shares of said stock, representing the sum of five thousand dollars, is indebted upon his said assessment to the sum of forty-five hundred dollars, of which assessment and

demand of payment he has had due notice, but has hitherto wholly neglected to pay the same or any part thereof.

"II. Plaintiff further shows that the indebtedness due by said Dubuque Savings Institution amounts to the sum of about one hundred and thirty thousand dollars. That the assets belonging to said institution and the assessment upon the capital stock of said institution, available and collectible, will not be sufficient to pay said indebtedness in full, but the liabilities of the stockholders to an amount equal to their respective shares of stock will be necessary to be enforced in order to meet such indebtedness in full That all of said indebtedness was incurred during the time the said defendant was a stockholder of said Dubuque Savings Institution. That the amount of shares of said capital stock so held by said defendant is fifty shares, or the sum of five thousand dollars, for which plaintiff claims that defendant is liable in addition to the forty-five hundred dollars above alleged. Therefore, plaintiff prays judgment for ten thousand dollars, interest and costs."

The defendant answered in denial and set up the following affirmative legal and equitable defenses:

"1st. The defendant denies each and every allegation in said petition contained, and denies that said pretended incorporation ever issued any of its stock to this defendant, as averred, and that he ever was a member of the alleged incorporation, or was at any time the owner of any of the shares in its capital stock, as alleged.

"2d. This defendant, further answering, says that he never at any time, in writing, was a subscriber to the capital stock of the alleged incorporation, and never held any certificates of the capital stock of said alleged incorporation, and never was a member of said alleged incorporation, and never entered into any verbal agreement for the purchase of shares and of the said stock, or to become a subscriber therefor, within five years prior to the time of the commencement of this suit, and of the alleged assessment by said receiver.

"3d. This defendant further answering denies each and every allegation in said petition, and denies that he ever

entered into the contract alleged in the petition with the alleged incorporation by which, as averred, he became the owner of fifty shares of the capital stock of the alleged incorporation, and defendant avers that the alleged incorporation never had a legal existence as a corporation; that its articles of incorporation were never filed in the office of the Secretary of the State of Iowa, nor was any notice ever published giving notice of the name of the corporation, the place of its business, the general nature of the business to be transacted, the amount of its capital stock and the time and conditions on which the same were to be paid in, the time of the commencement and termination of the corporation, by what officers or persons the affairs of the corporation were to be managed or conducted and the time of their election, the highest amount of indebtedness to which the incorporation was at any time to subject itself, and whether private property was to be exempt from corporate debts, nor was such notice ever recorded in the office of the Secretary of the State of Iowa; that said pretended incorporation consisted of R. A. Babbage, R. A. Babbage, Jr., Palmer Kellogg, Amos Sheffield, Geo. A. Blanchard, W. E. Wellington, W. W. Woodworth, John T. Hancock, J. Duncan, G. D. Wood, W. W. Luke, Charles Crocker, C. M. Woodworth, C. Bronson, Geo. L. Turner, John W. Ware, Jr., J. H. Gray, E. L. Clark, J. P. Scott and O. P. Shiras, as incorporators; that said individuals commenced and carried on and transacted business under the name and style of the Dubuque Savings Institution, and defendant avers that the same was not a corporation—was not organized as such, nor was the law in any sense as aforesaid complied with so as to create a corporation, but defendant avers that the same was a copartnership; that the proceedings in the name of the State of Iowa, upon the relation of the Attorney General of the State of Iowa, to wind up the affairs of the alleged incorporation, by which the said Stewart was appointed receiver, were unauthorized, null and void, and the said Stewart has no right or just authority to make an assessment upon the alleged shares of stock, as averred.

"4th. This defendant further answering says, in answer to

the second count of the petition, wherein the pretended receiver, Stewart, claims to recover the sum of $5,000 over and above the actual amount of the alleged subscription to the capital stock of the averred corporation, that such claim or liability (if any such exists) is no part of the assets of the so-called Dubuque Savings Institution, and this defendant is not liable for the same to the said pretended corporation or the alleged receiver thereof.

"5th. This defendant says further, by way of equitable answer to said petition, that the said plaintiff cannot have and maintain his action against him at law, but that the same, as appears by said petition, is solely cognizable by a court of equity; that in no event could the defendant be liable to a greater amount than the alleged unpaid subscription to the capital stock of said averred corporation; that a payment in full of all the subscription to the capital stock of the alleged corporation would greatly exceed the indebtedness of the alleged corporation; that no stockholder is liable to contribute to the payment of such indebtedness beyond another stockholder, and is not liable beyond what is sufficient to pay such indebtedness, and not liable to that extent unless such indebtedness exceeds the amount of such subscriptions; that said Stewart has settled with and received from a large number of the said stockholders about 20 per cent upon the amount of their subscription to said stock, and has discharged the same from further liability upon the said subscriptions. The names of such stockholders and the amount of the stock this defendant is not able to state; and the said Stewart now seeks to hold defendant for the full amount of his alleged subscription, or stock, and defendant avers that it requires a court of chancery to find the amounts due from each shareholder and settle and adjust the same.

"This defendant further states that the capital stock of the alleged corporation is divided into 1,000 shares of $100.00 each; that the articles of the alleged corporation purport to be filed under the general incorporation law by which the maximum corporate indebtedness is limited to two-thirds of the amount of the capital stock; that the maximum corporate

indebtedness of the alleged bank is accordingly limited to $66,666 and 66-100; that for all indebtedness in excess of said amount the officers of said bank, participating in its management at the time this excessive indebtedness was incurred, would in case of a deficiency of assets be primarily liable; that the indebtedness of said bank was, as this defendant is informed, at the time of the appointment of said receiver, $117,000.

"That the indebtedness incurred in excess of the legal corporate indebtedness was accordingly about $50,000, and the officers of said bank (so called) participating in its mangement at the time the excessive indebtedness was incurred, are abundantly good and responsible for the amount.

"This defendant further says that the assets of said alleged bank, if properly collected, are sufficient to pay the legal corporate indebtedness of said concern without subjecting the stockholders to any liability.

"Par. 3. This defendant says that more than $45,000 of the legal indebtedness of the so-called bank has been paid by said receiver, and that almost the entire amount of the outstanding indebtedness of the alleged corporation is owned by the said officers of the alleged bank, for which they have paid about 50 cents on the dollar, amounting to about $70,000, said officers having full knowledge of the excessive indebtedness when said excessive indebtedness was so incurred and the business of said alleged corporation so mismanaged.

"Par. 4. This defendant further avers that the said Stewart, during the time he has been acting as receiver, has been speculating in the indebtedness of the so-called bank, and has purchased a large amount thereof at 50 cents on the dollar, and has appropriated the assets of the bank to take up the same at the face thereof, and pretends that the same was and is an indebtedness of the bank (so-called).

"Par. 5. This defendant avers that there is a large amount of uncollected claims in the hands of plaintiff, the proper assets of the said corporation, against solvent persons, adequate to pay all indebtedness of the so-called bank without calling upon any stockholders, which the said Stewart refuses

and neglects to collect (after request) and apply to the payment of the debts of said alleged corporation.

"Par 6. This defendant avers that the said plaintiff is fraudulently endeavoring to collect from the stockholders of said bank (so-called) the unpaid amount of their subscriptions to pay off said illegal indebtedness so held by him and the said officers of said bank, all of which has been purchased by them at 50 cents on the dollar with a full knowledge that the same was an illegal indebtedness as aforesaid.

"Par. 7. This defendant avers that the officers of said bank (so-called) at the time of the incurring of the said illegal and excessive indebtedness, and who participated in the management and mismanagement of the alleged bank, and who carelessly, negligently, fraudulently, and illegally permitted said so-called bank to become so indebted beyond the limit fixed by law, and who without authority and in violation of law contracted the said excessive indebtedness of the alleged bank, and who now hold so large an amount of said indebtedness as averred, are John T. Hancock, W. E. Wellington, W. W. Woodworth, C. M. Woodworth, Geo. B. Hamilton and F. W. H. Sheffield.

"Therefore, this defendant asks that the said John T. Hancock, W. E. Wellington, W. W. Woodworth, C. M. Woodworth, Geo. B. Hamilton and F. W. H. Sheffield, and all others interested in the alleged bank, may be made parties to this suit that a fair and just accounting may be had between the said officers of said alleged bank and the said receiver and the shareholders thereof, that the legal indebtedness of the alleged bank may be determined; that no assessment shall be made for the payment of any indebtedness over and above the said legal amount of corporate indebtedness, and that the indebtedness of the alleged bank now held by the said officers of said bank may be declared null and void as against the alleged stock and shareholders, and that the said receiver, the plaintiff, shall only be allowed the amount paid by him for said stock as against the alleged bank and the shareholders thereof; that the said Stewart, plaintiff as aforesaid, may be compelled to collect all amounts due from the officers

of said alleged bank, and apply all assets of the bank to the payment of its debts, before proceeding against the shareholders in the alleged bank, and for such other relief as is equitable and just."

The plaintiff demurred to division 5 of defendant's answer, presenting his equitable defense to the action, on the ground, among others, that it does not state facts sufficient to constitute an equitable defense to the action, and that it appears, from the equitable answer, that defendant has a full and adequate remedy at law for the matters therein set out.

The demurrer was sustained, and from the court's judgment thereon defendant appeals.

*Pollock & Shields*, for appellant.

*H. B. Fouke* and *W. J. Knight*, for appellee.

Beck, J.—The demurrer, it will be observed, is directed against the equitable answer only; the sufficiency of the legal defenses pleaded is not questioned.

I.   The indebtedness of the corporation in excess of its assets, or to such an extent as to render defendant liable over and above the sum due on his unpaid stock, to an amount equal to the shares held by him; the assessment upon defendant's stock by the receiver, under direction of the court appointing him; all questions affecting the jurisdiction of the court and the receiver; the facts of subscription by defendant; his holding stock at the time the indebtedness of the corporation accrued, etc.; the binding effect of any subscription made by defendant, are all put in issue by that part of the answer which sets up legal defenses to the action.

II.   The equitable answer presents the following defenses, briefly stated, which defendant insists are cognizable in chancery:

1.   No stockholder is liable to contribute to the payment of the indebtedness of the corporation beyond another stockholder.

2.   Settlements by the receiver with other stockholders for sums less than was due from them.

3. The illegality of a part of the alleged indebtedness of the corporation which renders it invalid.

4. The sufficiency of the assets of the corporation to pay its debts.

5. The fraud of the receiver and the officers of the corporation in purchasing the claims against the bank at a discount and exacting payment at their face.

6. Neglect of the receiver to discharge his duty.

7. The illegal and fraudulent acts of the officers of the corporation in contracting debts whereby the bank was intended to be bound beyond the limits of its indebtedness as prescribed by law, in making dividends unlawfully, in appropriating the money of the corporation, etc., etc.

III. We will first consider the equitable answer in its application to the first count of the petition. It does not deny the proceedings under which the receiver was appointed, and that an assessment was made upon the stock of defendant, under direction of the court. The jurisdiction of the court and of the receiver being conceded, and the fact of assessment being admitted, it is to be regarded as *res adjudicata*. All questions as to the indebtedness of the bank and the like, involved in the assessment, or which it was necessary to determine before making it, must be presumed to have been adjudicated, and defendant is bound thereby. Any errors made by the court, in the proceedings appointing the receiver and controlling and directing his action, must be corrected by proper application to the court or by appeal from its orders or decisions as provided by the law applicable to such cases.

1. RECEIVER: irregularities of: jurisdiction.

The errors or irregular proceedings of the receiver must be corrected by the court having control of his action. None of these matters can be set up in an action brought by him under the direction of the court.

Authority is found for the proceeding wherein the receiver was appointed, and under which he is proceeding to wind up the affairs of the bank, in Code, §§ 1571, 1572, 2905.

The other matters set up in the equitable answer are applica-

ble alike to each count of the petition. They will hereafter be considered as applicable to each.

IV. The second count of the petition seeks to recover on the ground that the assets of the bank and the assessments

2. CORPORA-TION: liability of stockholders: jurisdiction. upon the stock of the institution will not be sufficient to pay its indebtedness, and that the liability of the stockholders to an amount equal to their respective shares of stock must be enforced to meet such indebtedness. It is not averred in the petition that these facts were adjudicated by the court in the proceedings appointing the receiver, if such an adjudication would be proper, nor did. such adjudication appear from the equitable answer. But if no such adjudication was made, or if made without authority, the facts can be established under the answer setting up the legal defense. Certainly, if the payment of the debts of the bank may be made out of its assets and assessments upon the shares of stockholders, no liability exists as claimed in the second count of the petition. It will be remembered that the liability sought to be enforced in this count is covered by Article 8, § . 9, of the Constitution.

V. We will now consider the several defenses pleaded in the equitable answer as the same are applicable to both counts

3. ——: ——: limitation of. of the petition. They will be referred to in the order we have above stated them.

It surely cannot be the law that one stockholder cannot be required to contribute to the payment of the debts of the corporation beyond a proportional sum collected from another. If this were so, the circumstance of one insolvent stockholder would defeat the provision of the law and the constitution for the benefit of creditors of the incorporation. Nothing further need be said as to the first defense of the equitable answer.

VI. The fraudulent acts of the receiver and officers of the incorporation can be no defense to the action. If it were so,

4. ——: ——: acts of receiver. this too would defeat the constitutional provision for the benefit of creditors. For the same reason the neglect of the receiver affords no defense to the action. This view disposes of the second, fifth, sixth and seventh defenses set up in the equitable answer.

VII. It may be that the acts of the receiver and stockholders set out in these defenses would afford a cause of action against them by defendant, and it may be, too, that he would have his action against any stockholder for contribution, who has not contributed equally with him in proportion to the stock held by each. But if such be the law he cannot delay the collection of the amount for which he is liable for the benefit of the creditors of the bank. His liability is separate from that of the other stockholders—he is not jointly liable with all or each. The depositor or other creditor of the bank would be exposed to great hardship were he required to wait the slow progress of an equity action, wherein all the stockholders are parties, brought to settle the equities existing between them growing out of their liabilities and relations as associates in the corporation.

*5. ——: ——: equities between stockholders.*

VII. The matters set out in the third and fourth defenses, viz: the illegality of a part of the debts of the bank, and the sufficiency of the assets of the corporation to pay its indebtedness, if adjudicated in the proceedings wherein the receiver was appointed, cannot be pleaded as a defense to the first count of the petition. If there has been no adjudication to the effect that the liability of the stockholders, over and above the amount of the shares created by the constitution, must be enforced for the payment of the debts of the bank, the defendant can, under the legal defenses pleaded by him, show the conditions and facts set up in the parts of his equitable answer now under consideration. They afford a defense at law.

It follows from these considerations that the District Court correctly ruled in sustaining plaintiff's demurrer to defendant's equitable answer. The judgment of the court below is affirmed and the cause will be remanded for further proceedings required by law.          AFFIRMED.

ADAMS, J., having been of counsel in this cause took no part in its decision.

ON REHEARING.

BECK, J.—A rehearing was granted in this case on the

ground that it was prematurely submitted, and our decision was announced at a time when counsel supposed further argument would be considered. It is not necessary to state the circumstances leading to the submission of the cause at that time. We readily reached the conclusion that a rehearing ought to be granted, for, in a court of last resort, every opportunity should be given for a full argument of all cases decided therein.

Additional arguments have been submitted upon the rehearing, and the cause has again been considered by the court. Our re-investigation, with the additional aid afforded by the new arguments, has strengthened our confidence in the conclusions of the opinion heretofore filed. We deem it unnecessary to add anything to what we have already said We find nothing in the arguments recently filed, or in the authorities cited therein, meriting special notice. The case is fully considered in our opinion heretofore filed. We adhere to the conclusions therein announced.