SCHOONOVER v. HINCKLEY.

1. **Receiver:** CORPORATION.   In an action by a receiver to recover from a
   stockholder an assessment upon his unpaid stock, the latter cannot set
   up, as a defense, fraud in procuring the appointment of the receiver, or
   the claim that the corporation is not indebted, these matters being
   adjudicated in the action resulting in the appointment of the receiver.

*Appeal from Johnson District Court.*

WEDNESDAY, APRIL 3.

ACTION  by the receiver of the Iowa and Minnesota Con-
struction Company, to recover of defendant, a stockholder,
assessments made upon his stock.   The defendant filed an
answer setting up divers defenses, some of an equitable char-

acter. To the answer a demurrer was sustained, and defendant appealed from this ruling. Other facts appear in the opinion.

*Boal & Jackson,* for appellant.

*Remley & Swisher,* for appellee.

BECK, J.—I. The petition alleges that defendant is a subscriber to the stock of the Iowa and Minnesota Construction Company, to the amount of $20,000; that an assessment upon defendant's stock was duly made July 22, 1871, for the amount of ten per cent thereof; that plaintiff was duly appointed receiver of the corporation by the Circuit Court of Jones county; that plaintiff was ordered by the court appointing him receiver to make another assessment of ten per cent upon the stock of the corporation which, on the 16th day of June, 1876, he did under direction of the court, and that plaintiff has been ordered by the court appointing him receiver to collect the unpaid assessments upon the stock, for the payment of the debts of the corporation.

II. The answer of defendant sets up certain payments upon the subscription for stock made by him. It further denies that the assessments were legally made, or that assessments can be legally made, except when necessary. The defendant then alleges that the money due on his stock is claimed by another stockholder, J. S. Stacy, for advances made, which, however, defendant avers do not exceed the advances made by him. The answer proceeds in the following language:

"And for further answer, defendant says that the property and railroad line of said construction company was afterwards, by J. S. Stacy, who was the president of the railroad company which let the work to the construction company, sold out, and a large sum of money received therefor, to wit, about $10,000, which moneys went into the hands of said

Stacy and Wallworth, and no part thereof to defendant; that
no account thereof has been rendered defendant or said con-
struction company; that, as defendant is informed and believes,
the only claim now made against this defendant, and for which
said Schoonover, as receiver, sues this defendant, is a claim
by and in behalf of said Stacy and Wallworth; that said firm
of Stacy & Wallworth was composed of J. S. Stacy, the sub-
scriber of twenty shares of said construction stock, and
one J. D. Wallworth, of Anamosa, who, for the sole purpose
of harassing the stockholders unjustly, made an assignment
of the moneys advanced by J. S. Stacy as a stock subscriber
on his stock, as if it were a claim of Stacy and Wallworth,
separate and apart from J. S. Stacy, to one Shaw, and there-
upon, through said assignee and their own co-operation, with
a view to gain an unfair advantage over this defendant and
avoid the effect of said advances, as payments by Stacy, pro-
cured said Schoonover to be appointed as receiver, and so
fraudulently to appear as creditors of said construction com-
pany, and harass defendant, and collect moneys not due from
him, and so to defeat any claims for advances made him;
that with that view said receiver brings this action, based
solely upon assessments charged to have been made, conceal-
ing or withholding any statement of the indebtedness to be
paid thereby; whereas, in truth and in fact, as defendant
charges, no just indebtedness in any amount, or any amount
such as claimed from defendant, exists; that in the proceed-
ing of appointing, or procuring the appointment of a receiver,
the defendant was in no sense a party, and especially so as to
bind him upon his subscription, and this is his first opportu-
nity to present his rights thereunder. And defendant avers
that if the truth were brought before this court it would ap-
pear that this action against defendant is oppressive, unneces-
sary, and unjust, and nothing is due from him, and no really
existing claims, at least of any considerable amount, against
said company; that the real party in interest in this cause is
J. S. Stacy, and said plaintiff Schoonover a nominal party

Schoonover v. Hinckley.

only; that defendant cannot fully adjudicate and determine his rights unless Stacy and Wallworth, J. S. Stacy and J. D. Wallworth, and said Shaw, be made parties defendant to this suit, and this amended answer treated as a cross-bill, and full answer under oath made, together with the pretended indebtedness of said construction company set out in full and duly itemized; that in addition to the moneys received from a sale of the properties of said company, this defendant avers that said Stacy has received from various sources, stock subscription,—the assets of the company, as defendant believes, —not less than $10,000, and has not yet accounted therefor; that the same should, by reason of the averments aforesaid, go in extinguishment of any and all claims made against defendant and other stockholders, and that any residue, if there be any, be divided to said stockholders, and all of them; that the defendant is advised and believes that the receiver is bringing suits against other stockholders upon the pretended assessments, all for the purpose of paying said indetedness, pretended to be the claims of Stacy & Wallworth, but in fact the property of said Stacy, all of which said actions, and especially this one, is and are grossly inequitable and oppressive."

The defenses set up are claimed to be equitable in their character, and the answer is made a cross-bill, and relief is prayed thereon. Plaintiff demurred to defendant's answer, and the demurrer was sustained, except as to the payments pleaded. The correctness of the court's ruling upon the demurrer is the only question involved in this appeal.

III. It will be observed that the matters set up in the answer are such as fraud in procuring the appointment of

1. RECEIVER: the receiver, the claim that the corporation is not corporation. indebted, and that the action is prosecuted to enable Stacy to defraud and oppress defendant, etc., etc. These matters, it will be noticed, bring in question the action of the court appointing the receiver, and ordering the assessments. They were proper matters to be determined when these orders were made.

and must, therefore, be regarded as *res adjudicatæ*. The defendant can interpose, in the action wherein the receiver was appointed, and his rights and interest will therein be fully protected. The controversy, as set out in the answer, involves matters within the jurisdiction of the court appointing the receiver, which may be determined in that proceeding. That court has adjudged that there is indebtedness of the corporation, and that defendant ought to be assessed as a stockholder. Defendant's answer denies the indebtedness of the corporation and that he ought to be assessed. It will be seen that this defense ought to be made in the proceedings wherein the receiver was appointed.

Our conclusion in this case is in harmony with, and supported by, *Stewart v. Lay*, 45 Iowa, 604.

The demurrer was properly sustained.

AFFIRMED.