## LAMAR INS. CO. v. HILDRETH.

1. **Jurisdiction:** CORPORATION: ORDER MAKING ASSESSMENT UPON STOCK. A court has no jurisdiction to grant an interlocutory order making an assessment on the unpaid shares of stock of an insolvent corporation, in an action against such corporation for the appointment of a receiver, as against stockholders who are not made parties to the proceedings, and where the bill contains no allegations that the stockholders are too numerous to be made parties.

*Appeal from Floyd Circuit Court.*

TUESDAY, DECEMBER 14.

ACTION at law to recover of defendant upon his subscription to the stock of Lamar Insurance Company. A demurrer to the petition was sustained, and, plaintiff electing to stand upon the petition, judgment was rendered for defendant. Plaintiff appeals.

*J. S. Root,* for appellant.

*Ellis & Ellis,* for appellee

BECK, J.—I. The petition alleges that defendant subscribed to the stock of the Lamar Insurance Company, agreeing to pay twenty *per centum* of the subscription within nine months, and the balance on call of the directors of the company, for which he gave a bond or stock note; that the twenty *per centum* alone has been paid; that the company became insolvent, and without assets of any kind except the claims upon the subscribers to its stock, and that upon a bill filed in the Superior Court of Cook County, Illinois, by Edwin Burnham, for himself and other creditors of the company, George Chandler was appointed receiver, to whom was transferred defendant's stock note.

It is shown in the petition that subsequently the receiver and the plaintiff presented their petition setting out that all the creditors of the company had appeared in the proceedings and proved their claims; that the only assets of the company were the stock notes of the stockholders; that voluntary payment had been made by a part of the stockholders, so that the receiver had been able to pay a part of the claims of the creditors proved against the company, and .that as no other assets existed except the stock notes, and the receiver was unable to make other collections thereon, no further payments could be made until collections should be enforced from the stockholders. It was further shown that many of the stockholders were insolvent, many were dead, many could not be found, and that many were not residents of the State of Illinois. It was also alleged that the stockholders numbered eighteen hundred, and that it was impossible to join all of them in one action, and that the debts of the company can be paid in no other way than by assessment made upon the stock of the share-holders. It is shown that four stockholders have been served with process in the proceedings. Thereupon the court ordered that a notice should be given in some newspaper, copies of which should be sent by mail to each stockholder, of the application to assess the stockholders upon their subscription, and the four stockholders served with process were required to answer the petition for assessment for all the stockholders. Afterward, it appearing that the order for publication and service of the same had been complied with, and that no appearance or answer was made by the stockholders, an order was made assessing forty dollars upon each share of stock, which declared that each stockholder was found indebted in the sum of forty dollars upon each share of stock held by him, and the receiver was authorized to prosecute in proper actions either in his own name or in the name of the company each stockholder, to recover the amount so found and adjudged against him. The plaintiff claims in his petition that defendant is bound by the assessment made against

him in pursuance of the order of the Superior Court of Cook County, Illinois, as above set out.

The demurrer was sustained on the ground that the petition fails to allege or show that the Superior Court had any jurisdiction of the person of defendant in the proceeding wherein the receiver was appointed and the assessment of the stock was made.

II.  The question presented by the case for our determination is this:  Did the Superior Court of Cook County, Illinois, have jurisdiction to appoint the receiver and order an assessment upon the shares of the stockholders, in view of the facts alleged in plaintiff's petition?

It will be remarked that defendant and other stockholders were not made parties in the action.  It cannot be claimed that the notice given under the order of the court upon the application of the receiver made the stockholders parties. The application was to obtain an interlocutory order.  It does not ask that the stockholders be made defendants to the action, nor did the court so order.  Notice in form of a newspaper publication of the pendency of an application for an interlocutory order cannot be regarded as process to bring the stockholders into court as defendants.  The interlocutory order depended upon prior proceedings.  If the stockholders could be required to answer to the application for the interlocutory order, it was upon the ground of their interest in the matter involved in the suit.  Their rights so far as they were affected by indebtedness of the company and the appointment of the receiver were settled before the application for the interlocutory order was made.

It would be absurd to make them parties after their rights were passed upon and determined by the adjudication of the court.  We conclude, therefore, that the defendant and other stockholders were not made parties to the action by the application and proceedings upon which the interlocutory order was based.  In determining the question under consideration it must be regarded as a fact that the defendant was

not a party to the case in which the receiver was appointed. If the proceeding is to be regarded as having been prosecuted under the statute of Illinois the question is settled by the Supreme Court of that state by decisions in more than one case wherein this question arose. See *Chandler v. Brown*, 77 Ill., 333; *Chandler v. Dore*, 84 Ill., 275. In these cases, as we understand them, plaintiff is the same party who is plaintiff in the action before us, and the cases involved the very proceedings set out in the petition in this case. It was held that as the stockholders in the respective actions were not parties thereto, the judgments and proceedings did not bind them. We need not inquire into the reasons upon which the decisions are based; we feel bound to follow them as the authoritative exposition of the statute under which the proceedings were had whereon plaintiff bases his right to recover.

III. But it is claimed that the proceedings in question were had in the exercise of chancery powers of the court, and not under a statute. If this be so the defendant is not bound thereby, for the reason that he was not a party to the action. This proposition as a general rule is not denied by counsel for plaintiff, but he insists that there is an exception to the rule in cases wherein the parties are so numerous that it would be impracticable to bring them all into court. For the purpose of this case the exception to the rule may be admitted.

It will not be denied that where the exception is applied the fact upon which it is based must be made to appear. It must be shown that the parties are so numerous that they cannot be brought into court. And this must be done when the court is asked to assume jurisdiction; the petition or bill must show the fact. It is not sufficient that the fact be made known in interlocutory proceedings. Matters affecting the jurisdiction of the court cannot be settled therein. It is not shown that the plaintiff's bill or petition in the case wherein the receiver was appointed contained any allegation or show-

ing as to the number of the stockholders. Such a showing was made after the receiver was appointed and a part of the assets were applied to the payment of the debts of the company, at the time the court was called upon to assess the shares of the stockholders.

IV. Counsel for plaintiff relies upon *Sanger v. Upton*, 91 U. S., 56. This is a case in bankruptcy, and it is held therein that the stockholders of a corporation are not necessary parties to proceedings in bankruptcy against the corporation. The bankrupt proceedings are authorized by statute, and it cannot be claimed that actions in chancery and actions under the statutes of a State which are not similar to the bankrupt law are governed by the rules that prevail in the court of bankruptcy. *Sanger v. Upton* is not applicable to the case before us.

We reach the conclusion that the Circuit Court did not err in sustaining defendant's demurrer to plaintiff's petition.

AFFIRMED.