103  549
106  556
103  549
121  231
103  549
134  428
e134  642
134  643
134  645

STATE OF IOWA, Upon the Relation of JOHN Y. STONE, Attorney General, Plaintiff, v. THE UNION STOCK YARDS STATE BANK AND HOWARD G. PIERCE, Defendants, E. C. TOMPKINS, Receiver, Appellee, MARY C. COOK, Intervener, Appellant.

**Banks:**  INSOLVENCY:  *Assessment of stockholder.*  The court may make a valid assessment on the stockholder of an insolvent bank in an *ex parte* proceeding, where the purpose of such assessment is simply to ascertain the probable condition of the bank, with the right of stockholders to have their liability judicially determined whenever an attempt is made to enforce the assessment, under Acts Eighteenth General Assembly, chapter 208, section 1, making stockholders in banking corporations individually liable, in addition to the amount of stock held by them, to an amount equal to their respective shares.

### ON REHEARING.

ADJUDICATION.  A matter considered and determined in making an order of assessment in proceedings for the appointment of a receiver of an insolvent corporation is conclusively settled, except so far as it may be changed by vacation or modification of the receivership proceedings, and will not be reconsidered in an action to enforce payment of the assessment.

SAME:  *Receivers*  Under Acts Eighteenth General Assembly, chapter 201, section 1, providing that all stockholders shall, in addition to the amount of stock held by them, be individually liable to an amount equal to their shares of stock for all liabilities accruing while they remained such stockholders, and that if any bank becomes insolvent and its assets are found insufficient to pay its debts and liabilities, the stockholder may be compelled to pay such deficiency in proportion to the amount of stock owned by each, not to exceed the extent of such additional liability, the full statutory liability of a stockholder in an insolvent bank may be collected before the assets of the bank are exhausted, subject to an interest in the fund for his proportion of an unexpended balance, although the amounts collected cannot be distributed until after the exhaustion of the assets.

SAME.  In a suit by the state, under Code 1873, section 1572, to wind up an insolvent bank, the liability of the stockholders under Acts Eighteenth General Assembly, chapter 208, is not directly to the

creditors, but constitutes a fund for the debts of the bank, which the receiver is authorized to collect and distribute.

CONSTITUTIONAL LAW.  The provision of constitution, article 8, section 5, that no act authorizing or creating corporations or associations with banking powers, nor amendments thereto, shall take effect until they have been submitted to the people, refers to banks of issue only, and does not apply to Acts Eighteenth General Assembly, chapter 208, fixing the liability of stockholders of banking associations and corporations, but not authorizing banks of issue.

*Appeal from Woodbury District Court.*—HON. G. W. WAKEFIELD, Judge.

SATURDAY, APRIL 10, 1897.

THE defendant bank became insolvent, and the present suit was instituted, under the provision of the law, Code, section 1572, to wind up the bank and distribute the assets among the creditors.    To that end, a receiver was duly appointed, who took possession of the property of the bank, and proceeded in the discharge of his duties.    The receiver was appointed June 26, 1893, and in October, 1894, he made a report of his doings, and of the condition of the bank estate, showing an estimated deficit of ninety-nine thousand and fifty-nine dollars and twenty-two cents.    From the report it appeared that, of the two hundred and fifty thousand dollars of outstanding stock of the bank, fifty thousand dollars was uncollectable.    The receiver asked an order for an assessment, based on such estimates, of seventy-five per cent. against the stockholders of the bank, under the provisions of chapter 208, Acts Eighteenth General Assembly.    No creditor or stockholder was made a party to the proceeding in which the order was asked.    The order was granted making the assessment, with authority to the receiver to proceed to use all legal means to collect the same, by suit or otherwise.    Intervener herein is a stockholder, and upon

notice from the receiver of the asessment, and a demand
for payment, she presented her petition of intervention,
in which she claims that the court had not jurisdiction
to make the assessment; that the assessment was
erroneous, because premature, and not supported by
adequate and proper proceedings; and that the act cre-
ating the liability was unconstitutional and void. She
asked, as relief, that the order of assessment be set
aside, and that the receiver be directed to take no
further steps or proceedings thereunder. The court
sustained a demurrer to the petition, and the appeal is,
by the intervener, from such ruling.—*Affirmed.*

*Kean & Sherman* for appellant.

*Swan, Lawrence & Swan, J. S. Lothrop,* and *Black
& Goodwin* for appellee.

GRANGER, J.—I. The question is first presented
whether the court, in an *ex parte* proceeding, can make
a valid assessment on the stockholders. Much depends
on the effect to be given to the assessment when
made. If it is to have a conclusive effect,—that
is, if it is to have the effect of an adjudication so
as to preclude an inquiry thereafter into its correctness
in any essential particular,—we think it cannot be
done. But, if such an assessment is only intended for,
and to have the effect of, an ascertainment by the court
of probable conditions, with the right of a stockholder to
take issue and have his liability judicially determined
whenever there is an attempt to enforce the assess-
ment, then we think such an assessment can properly
be made. This is no more than to say that the court
may, from the record, aided by other information,
determine *prima facie* the extent of the fund necessary
to discharge the liability of the stockholders under the

act, and, and, upon such a determination, authorize the collection of the same, when, in a suit to enforce such payment, the stockholders may contest his liability unaffected by such determination. We regard the assessment in this case no more than such a determination, and with no other legal effect than as we have stated. Of this determination or assessment appellant was notified. She thus had the opportunity to investigate and know of her liability, and make payment without cost, if she thought herself liable, or, if not, to contest her liability without prejudice from the assessment made. Such a procedure seems to be in accord with good business judgment, and without a disadvantage in the preservation of legal rights. In a quite recent case in Washington, to be hereafter cited, speaking of such liabilities under the laws of the different states, in considering a method of procedure under a law similar to ours, it is said that some statutes "provide the mode of enforcing the right; others leave it for the judiciary to work out the method,"—and the case adopts a method designed to give effect to the spirit of the law in that state, as no method of procedure is prescribed. The same is true of our law. It is also to be said that preliminary assessments, varying in form and method, are of general observance, where liabilities of such a nature are to be enforced. Our statute creating the liability is section 1, chapter 208, Acts Eighteenth General Assembly, as follows: "That all stockholders or shareholders in associations or corporations organized under said chapter one aforesaid, for the purpose of transacting a banking business, buying or selling exchange, receiving deposits of money, or discounting notes, shall be individually and severally liable to the creditors of such association or corporation of which they are stockholders or shareholders, over and above the amount of stock by them

held therein, to an amount equal to their respective shares so held for all its liabilities accruing while they remained such stockholders; and should any such association or corporation become insolvent, and its assets be found insufficient to pay its debts and liabilities, its stockholders may be compelled to pay such deficiency in proportion to the amount of stock owned by each, not to exceed the extent of the additional liability hereby created." The case of *Le Mars Ins. Co. v. Hildreth*, 55 Iowa, 248, may seem not to be in harmony with our conclusion in this case. An assessment was held in that case to be an adjudication, and void, where the stockholder was not made a party. An examination of that case shows a purpose in making the assessment, because of a form of notice, and the character of the assessment made, to fix the liability of the stockholder by the assessment. The action was to recover on the assessment as fixing the liability of the stockholder. It is therein stated that "the plaintiff claims in his petition that the defendant is bound by the assessment made against him." With our construction of the order of assessment in this case, that case is clearly distinguishable, for, in an action to recover, the assessment will serve only as a guide to the amount of recovery.

II. There is also a claim that, before the stockholders can be made liable under the act in question, the assets of the bank must be exhausted; that is, as we understand, all the assets in the hands of the receiver must be applied, and the liability is for the deficiency. We have no doubt that the deficiency measures the extent of the liability of stockholders under the act; but we do not concur in the claim that the assets must first be applied, so that the receiver has no part of them on hand. It is likely true that, pending

the collection, conversion, and application of the assets, the precise deficiency cannot be known, and if the thought is that the only right of the creditors of the bank is to have the exact liability of each stockholder first determined, and that amount, and that only, collected, we cannot concur in it.  Section 2 of the act is important in this connection.  It is as follows: "Should the whole amount for which the stockholders are made individually responsible as provided by section 1 of this act be found in any case to be inadequate to the payment of all the debts of any such association or corporation, after the application of its assets to the payment of such debts, then the amount due from such stockholders on account of their individual liability created by this act, as such, shall be distributed equally among all the creditors of such corporation in proportion to the amount due to each."  It will be seen that the law contemplates the collection and distribution of a fund, the distribution to be after the application of the assets, if we follow the letter of the law.  But the liability for the payment, to create the fund, is not made to depend on the application of the assets, but on the fact of the insolvency of the bank.  The first section of the act fixes the conditions as to liability for payment, and the second section fixes the conditions under which the payment, when made, shall be applied.  It will be noticed, and it is important, that the first section simply deals with the facts that create and limit the liability of the stockholders.  The second section deals only with the facts to govern the application of the money when collected.  Now, our thought is, conceding for the present the right of a receiver, in such a case, to collect and distribute the fund, that the liability of the stockholder for payment does not depend on conditions that accurately fix the extent of his liability, but on the facts of the insolvency of the bank and a

liability of the stockholder, because such when the debts accrued. With the facts established to fix a liability to the fund, we think it is, primarily, for the full amount contemplated by the act, subject to such an interest in the fund, when created, as will entitle him to his proportion of any balance unexpended upon final settlement. If the conditions are such that the court or receiver shall attempt to collect less than the full amount, of course it is nothing of which the stockholder can complain, and we are not saying that more should be collected or demanded than the conditions seem to justify. But it can be readily seen that accuracy, as to amount, is impracticable, if not impossible, because the expenses of collection and distribution cannot be known beforehand, and, if the assets of the bank were previously exhausted, there would be no other fund from which to pay such expenses. We think, in such cases, the time for collection, and amount to be collected, can best be left to the sound discretion of the court; for we deal now only with cases where the bank estate is in process of liquidation, by a proceeding in court, by direction of the auditor of state. It is a case in which the state has in charge the settlement of the bank affairs. See Code, sections 1571, 1572.

III. It is claimed that chapter 208, Acts Eighteenth General Assembly, being the act under which the liability of stockholders is created, is unconstitutional because not submitted to a vote of the people, under the provisions of article 8, section 5, of the constitution of the state, as follows: "No act of the general assembly authorizing or creating corporations or associations with banking powers, nor amendments thereto, shall take effect, or in any manner be in force, until the same shall have been submitted, separately, to the people, at a general or special election, as provided by law, to be held not less than

three months after the passage of the act, and shall have been approved by a majority of all the electors voting for and against it at such election." This article of the constitution received construction in *Allen v. Clayton*, 63 Iowa, 11, and it was there held that section 5, with other sections, had reference only to banks of issue. Chapter 208 is amendatory of the general incorporation act, being chapter 1, title 9, Code. Neither the act amended, nor the amendment, creates or authorizes a corporation or association with banking powers as intended by the constitutional provision. The acts do not authorize banks of issue.

IV. Another claim against the validity of the assessment is that the liability of stockholders under the act is not an asset of the bank, so that it is a matter within the power or authority of a receiver, and hence that the liability of the stockholder is directly to the creditors of the bank after the bank assets are exhausted. In this respect reliance is placed on many authorities which hold that such liabilities, or the money received therefrom, are not assets of the bank, and that a receiver has no authority to collect or apply them. That may be stated as the general rule. The rule, however, is not without its exceptions, caused sometimes by statutory enactments, and at others by judicial construction. The general rule, as stated, has usually been announced in cases of voluntary assignments or receiverships, at the instance of creditors, with no statutory limitation or direction as to the application of the money when collected. Mr. Thompson, in his Commentaries on the Law of Corporations (volume 3, section 3561), having stated the general rule, says the rule has been changed by statute. The text is supported by a citation to *Story v. Furman*, 25 N. Y. 214. That case deals quite elaborately with the right of a receiver to collect and distribute money due from stockholders

under such an act. It is said in the case that "this stockholders' liability constituted a fund for the payment of all the corporate debts after its assets were exhausted, and, if it was insufficient to pay all the debts, it must be distributed among the creditors upon equitable principles," etc. That is the law of this state. In that case, after a full discussion of the facts and law to justify a recovery by the receiver, it is said: "Independently of these views, which relate chiefly to the arguments addressed to us on the hearing, I should be prepared to reverse the judgment of the court below, and affirm the judgment of the referee, upon another distinct ground. I do not see why the order appointing the plaintiff receiver did not vest him with ample authority to enforce the stockholders' liability under the statute. Such liability is clearly a fund in equity for the payment of the debts of the corporation. The receiver was appointed in a suit instituted by creditors, and in behalf of all the creditors of the corporation. He was expressly authorized, by the order of the supreme court, to commence an action against each and all of the stockholders of said corporation who are solvent, for the recovery of such a contributory sum from each solvent stockholder, not exceeding the whole amount of stock owned by them, as will be necessary to satisfy any deficiency that might exist in the payment of the debts of the said corporation." It is further said in the opinion: "I do not see why this order was not entirely within the authority and jurisdiction of the supreme court as a court of equity as an original equity power at common law. The appointment of a receiver was the only appropriate mode to reach and collect this equitable fund, the personal statute liability of the stockholders, for distribution among the creditors." This extended quotation is justified because of the importance of the rule announced. It will be seen that, after

the conclusion that a fund is to be collected for distribu-
tion among creditors, it announces a broad common law
rule, that is an exception to the general rule, that a
court of equity possesses an inherent common law juris-
diction to appoint a receiver with authority to collect
and distribute the fund. This case is frequently cited
in the books, and is nowhere criticised. In High on
Receivers (section 317a), the exception to the general
rule is noticed, and it is there said: "But under a
statute making all persons composing the corporation
liable to the extent of their respective shares of stock,
for all debts due at the time of the dissolution of the
corporation, a receiver, appointed in an action brought
in behalf of all the creditors to wind up the corporation,
may enforce the liability against the shareholders."
This text is also supported by a reference to *Story v.*
*Furman, supra.* In the authorities cited as sustaining
the right of a receiver to collect and distribute this fund,
it is stated that the rule obtains where all the stock-
holders are liable for all the debts of the corporation.
Our law provides that stockholders shall only be liable
for debts accruing while they remained stockholders,
and it is thought by some that this provision operates
against the authority of the receiver. While this lan-
guage is included, with the other language, in announc-
ing the rule, it nowhere appears that it is regarded as
a controlling fact, or one essential to the application of
the rule. Without exception, we think, where the law
contemplates a fund for distribution, it must be done by
a receiver, assignee, trustee, or some such officer of the
court. If it be in an equitable proceeding by a creditor,
wherein all persons interested are made parties, the
fund must be collected and distributed under the direc-
tion of the court, and this must be done, of course, by
some person selected for that purpose. It is difficult to
understand why the court, with the receiver as its agent,

may not as equitably deal with the situation to arise
from this provision of our statute as it could in the same
kind of an action, at the instance of a creditor, with
some person appointed to make a distribution. In both
cases the entire matter is under the control and direc-
tion of the court. This provision of the statute does not,
of course, operate to defeat the provision as to *pro rata*
distribution, and, wherever that is to be done by the
court, it is one of equitable cognizance. It may be said
that, so far as we have observed, our statute is unlike
any under which the general rule, above stated, has
been announced. It is also to be said that chapter 208,
giving rise to this liability of stockholders, is made, by
its terms, a part of the general incorporation law under
which the defendant bank was organized. That law
contains the provisions under which the state, on the
relation of the attorney general, is to commence such
suits to wind up such corporations, and all its pro-
visions are to be construed together. It would seem
like a strange and uncalled for state of affairs for the
suit, at the instance of the state, to proceed until the
assets of the bank were exhausted, and then subject the
creditors to delays, and the annoyance of another like
suit, at their own instance, to collect and distribute this
fund. See, for a case in point and quite fully consid-
ered, *Wilson v. Book*, 13 Wash. 676 (43 Pac. Rep. 939).
See, also, *Watterson v. Masterson*, 15 Wash. 511 (46 Pac.
Rep. 1041). We reach the conclusion that the assess-
ment is not invalid because of a want of authority for a
receiver, in case of a valid assessment, to collect and
distribute the fund under orders of the court. From
these considerations it follows that the judgment of the
district court must be AFFIRMED.

## SUPPLEMENTAL OPINION ON REHEARING.

### THURSDAY, OCTOBER 28, 1897.

*Overruled.*

GRANGER, J.—In an application for a re-hearing, it is urged that the opinion, wherein it states the effect of the order of assessment when a suit is brought to enforce payment, is not in harmony with the rule stated in *Schoonover v. Hinckley*, 48 Iowa, 82, and *Stewart v. Lay*, 45 Iowa, 604. In view of the language used, the claim is not without support. We understand the rule to be, as to the appointment of a receiver and the making of such an assessment, that all matters that necessarily inhere in the orders by which such results are attained,—that is, matters to be considered and determined in making the orders,—are adjudicated and conclusively settled, except in so far as they be changed by vacation or modification in the receivership proceeding upon application of parties interested, whether stockholders or others. It is definitely settled in *Stewart v. Lay, supra*, that none of these matters can be set up in an action brought by the receiver under direction of the court. It is urged to us that one of the district courts of the state has held,—following the opinion in this case,—that in an action on such an assessment the amount of recovery cannot be controverted. Such a holding is correct. It was one of the matters considered and determined in making the order of assessment, and, if erroneous, the error must be cured in the same proceeding. With the opinion thus modified, we are content with its conclusion, and the petition for a re-hearing is OVERRULED.