STATE OF IOWA ex rel. H. M. HAVNER, Attorney-general, Plain-
tiff, v. DES MOINES UNION STOCK YARDS COMPANY, Defendant.

WILLIAM M. WILCOXEN, Receiver, Appellant, v. L. J. ANDERSON
et al., Appellees.

RECEIVERS: Management and Disposition of Property—Unpaid Stock
Subscriptions. Receivers of insolvent corporations may not, after
the corporate debts have been paid, maintain an action in equity
on unpaid stock subscriptions, for the exclusive purpose of *equalizing
the losses of stockholders.*

*Appeal from Polk District Court.*—GEORGE E. BRAMMER, Judge.

APRIL 4, 1924.

ACTION in equity by the receiver of the Des Moines Union
Stock Yards Company against approximately 100 subscribers
to the capital stock of the corporation, to recover a sum sufficient
to equalize the losses incurred by the stockholders in the organi-
zation and winding up of the corporate affairs.   This action was
commenced after all of the debts of the corporation had been
paid.   Demurrers were interposed by the defendants to plain-
tiff's petition, and sustained generally by the court.   Plaintiff
appeals.—*Affirmed.*

*Stipp, Perry, Bannister & Starzinger,* for appellant.

*Dyer, Jordan & Dyer, E. C. Stevenson, Hughes, Taylor &
O'Brien, Poston & Murrow, Tom Murrow, Starr & Jordan,
Franklin Brown, A. W. Wilkinson, Carter & Bracewell, Bert B.
Welty, Clark & Byers, James A. Howe, W. H. Keating, McCoy
& McCoy, James G. Shifflett,* and *Thomas J. Bray,* for appellees.

STEVENS, J.—This is an action in equity, to compel the de-

fendant subscribers to the capital stock of the Des Moines Union Stock Yards Company to pay a sufficient amount on their unpaid subscriptions to equalize the losses of the stockholders. The authorized capital stock of the Des Moines Union Stock Yards Company was $1,000,000 of common stock, which was later, by amendment to its articles of incorporation, increased to $2,500,000. The stock was sold at its par value of $100 per share. Sixty-five subscribers paid their subscriptions in full. The remaining subscribers, who are made defendants in this action, paid from 25 to 50 per cent of the amounts subscribed, each subscriber executing a note to the corporation for the unpaid portion of the subscription price of the stock.

It is alleged in the petition that the corporation engaged in business in the city of Des Moines in 1919, and continued in operation until November 17, 1920, when, in an action brought in the name of the state of Iowa, ex rel. H. M. Havner, attorney-general, against it, plaintiff, appellant herein, was appointed and qualified as receiver, and assumed possession of the assets of the corporation, and proceeded to wind up its affairs. Appellant further alleged in his petition that all of the debts of the corporation have been paid, and that there is a surplus of $14,281.05 on hand, as of date June 29, 1922. What proportion, if any, of the expenses of the receivership has been paid, or will have to be paid out of the surplus on hand, is not disclosed by the petition, nor is this, at this time, material. This action, which was instituted in pursuance of authority granted to the receiver by the district court of Polk County, in which the receivership proceedings are pending, is brought for the sole purpose of having the so-called losses and liabilities of the stockholders equalized. A schedule, showing the names of all subscribers for stock whose subscriptions have not been paid in full, together with their place of residence, number of shares purchased, and amount paid by each, is attached to the petition. This schedule shows contingent assets of the face value of $7,500. These assets are listed as doubtful. Most, if not all, of the defendants are non-residents of Polk County, and are represented by counsel from various sections of the state.

General equitable demurrers were interposed to the petition. The questions raised by these demurrers and relied upon by

counsel for appellees to sustain the ruling of the court below are, in substance, that the petition shows upon its face that all of the debts of the corporation have been paid; that the sole purpose of the action is to equalize the alleged losses of stockholders; that the several causes of action are improperly joined and prosecuted in Polk County; and that the receiver has no authority to prosecute this action for the purpose stated, or to maintain the same in equity against the defendants, who are, if at all, separately, and not jointly, liable, and cannot be sued in Polk County.

There is disagreement between appellant and appellees as to the effect which this court should give to the ruling of the court below, sustaining the demurrers generally. Appellees contend that the demurrer was sustained upon two grounds: the misjoinder of causes of action, and the lack of authority on the part of appellant to maintain an action in equity for the purpose stated. Technically, it makes but little difference. The demurrers challenge the sufficiency of the allegations of plaintiff's petition to state a cause of action, and the authority of appellant to prosecute it. Involved in these propositions is the right of appellant to maintain the present action in the form in which it is prosecuted, or for the purpose alleged. A mere misjoinder of parties cannot be reached by demurrer. *Turner v. First Nat. Bank*, 26 Iowa 562; *Independent Sch. Dist. v. Independent Sch. Dist.*, 50 Iowa 322; *Dolan v. Hubinger*, 109 Iowa 408.

The argument for appellant proceeds on the theory that unpaid subscriptions to capital stock form an asset of the corporation and pass to the receiver, with the resulting duty, on his part, to collect the same. To this point, counsel cite 1 Tardy's Smith on Receivers (2d Ed.), Sections 344 and 350, and *Sanger v. Upton,* 91 U. S. 56 (23 L. Ed. 220) ; also, upon the further grounds that the receiver acts in behalf of the creditors, and that he is a trustee for the corporation, whose assets he holds for the stockholders. Assuming the correctness of appellant's contention that the receiver acts in a triple capacity,—that is, for the benefit of the creditors, the corporation, and the stockholders,— his duty in these respects is to be performed with particular reference to the paramount right of creditors. The solicitude

of the law is for those whose credit has been extended to the corporation. It is, of course, the duty of the receiver to assume possession of the assets, and to preserve and apply the same, so far as necessary, to the payment of corporate debts, and to distribute any surplus equitably among the stockholders. Receivers are not, however, primarily appointed for the benefit of the officers or stockholders of the corporation, but for the benefit of the creditors of such corporation.

Before discussing the main proposition in this case, we desire to call attention to the following provisions of the statute. Stockholders are individually liable to the amount of the unpaid installments on the stock owned by them, or transferred by them for the purpose of defrauding creditors, and such liability may be enforced by execution, after the corporate assets have been exhausted. Code Section 1631. Before any stockholder can be subjected to liability, or charged with the payment of a judgment rendered for a corporate debt, an action shall be brought against him, at any stage of which he may secure a continuance, by pointing out corporate property subject to levy. Code Section 1632. If the property of a stockholder has been taken for a corporate debt, he may maintain an action against the corporation for indemnity, and also against any of the other stockholders for contribution. Code Section 1633.

No provision has been made or authority granted by the legislature to a receiver of an insolvent corporation to prosecute an action in equity against subscribers to the capital stock to recover unpaid subscriptions for the exclusive purpose of equalizing the liabilities or losses of stockholders. If authority to maintain such an action exists, it must arise out of the general equitable powers of courts in the settlement, administration, and winding up of the affairs of insolvent corporations by the aid of receivers. It is insisted by appellant that such jurisdiction exists, and that the maxim ''equality is equity'' is applicable.

We shall assume, without discussion, that, if all of the other assets of an insolvent corporation are insufficient to pay the corporate debts, the individual property of subscribers who have not paid their subscriptions in full is liable to the extent of the unpaid portion thereof for the corporate debts, and that, if the property of one stockholder is seized for corporate debts,

he may maintain an action against other stockholders liable to the corporation, for contribution. This is in harmony with the sections of the statute cited supra.

The general proposition that, where a court of equity has jurisdiction of a cause for any purpose, it will retain it for all purposes, and proceed to a final adjudication of all matters involved therein, may be conceded, although the rule is undoubtedly subject to some exceptions. Appellant seeks to sustain his contention that the unpaid subscriptions are liable and may be collected by the receiver and applied to the equalization of losses among the stockholders, by the following authorities: *Jackson F. & M. Ins. Co. v. Walle,* 105 La. 89 (29 So. 503); *Pope v. Merchants' Trust Co.,* 118 Tenn. 506 (103 S. W. 792); *Graves v. Denny,* 15 Ga. App. 718 (84 S. E. 187); *Krebs v. Carlisle Bank,* 14 Fed. Cas., page 856; *Cook v. Carpenter,* 212 Pa. 165 (61 Atl. 799).

The plaintiffs in the first of the above cases were the liquidating commissioners of the Jackson Fire & Marine Insurance Company, Limited, and the action was brought against the defendant to recover $5,000 claimed to be due to the insurance company on a stock subscription. The action was brought for the benefit of creditors, but in it the claim and contention were made that the liquidating commissioners were also entitled to recover the amount of the subscription for the benefit of stockholders. The court, upon rehearing of the cause, said:

"It now appears that the company has ceased its operation; that it is in an insolvent condition. The liquidation and settlement of the affairs of the corporation is about all that remains to be done. As the debts must be paid, and an equalization of the losses among the stockholders arrived at, we think, under the circumstances, that the stockholders who have not paid their subscriptions to the stock should pay. If there should remain a balance after the payment of the debts and the equalizing of the losses among the stockholders, it can be returned to the one entitled to it. From all appearances, there will not be any thus left to return, and for that reason we conclude, without further delay, payment should be made of stock the subscription to which has not been paid."

The controversy in *Pope v. Merchants' Trust Co.,* supra,

was between subscribers to stock sold to increase the capital of the Merchants' Trust Company, and the holders of the original stock of such company. The portion of the opinion applicable to the present controversy is as follows:

"It is urged that the rights of creditors of the Merchants' Trust Company are not involved in this case, as they have all been paid. But, from the view we take of the case, the liability of the subscriber for his subscription is not dependent upon the existence of debts against the corporation. The holders of the new stock have equal rights and stand upon the same footing as do the holders of the original stock; and it is necessary, therefore, that the subscriptions of the new stock shall be fully paid, as it is for the original stock. Both constitute assets of the corporation, for the benefit of all the stockholders alike."

The decision of the Georgia Court of Appeals in *Graves v. Denny*, supra, is largely based upon the statute of that state. The court specifically held that the doctrine recognized by some courts and text-writers that, before a court of equity will authorize a receiver to collect unpaid subscriptions to the capital stock of a corporation, there must be a judicial ascertainment of the corporate debts, is not, by reason of the provisions of Sections 2245 and 2249 of the Civil Code of that state, applicable. The court said:

"In this state all the debts, including subscriptions to the capital stock of the corporation, are assets, to be administered by the receiver, and each subscription is a debt to the corporation, and by express statute a court of equity may exercise its discretion in ascertaining the amount of the corporate debts, either before or after the corporate assets have been marshaled and collected."

The point involved in the *Krebs* case is one of distribution, and not of contribution.

*Cook v. Carpenter* throws little light on the proposition. Some language by the court in the closing paragraph of its opinion in *Wicks Stone Co. v. Dickason*, 276 Ill. 590 (115 N. E. 176), and also a brief paragraph in *Preston v. Jeffers*, 179 Ky. 384 (200 S. W. 654), bear slightly upon the question under discussion. The court, in the course of its opinion in the *Preston* case, said:

"Moreover, this is an insolvency proceeding.   Other stock-
holders have, no doubt, paid their subscriptions in full, and are
entitled to be made equal with those who have paid nothing.   It
is the duty of the receiver to equalize these matters between the
stockholders, as well as to pay the debts of the corporation to
its general creditors; and if, after the latter are taken care of,
anything remains, it would be the duty of the receiver to dis-
tribute it equally between the stockholders."

A somewhat exhaustive research by the court has failed to
reveal any other authorities tending to support appellant's con-
tention.   A careful reading of the cited cases will readily disclose
that none of them are squarely in point.  None of them involve
the question as to the right of a receiver to maintain an action
in equity for the exclusive purpose of marshaling assets of the
corporation in the form of unpaid stock subscriptions, after all
of the corporate debts have been paid, for the purpose of equal-
izing the burdens of stockholders.   In so far as the above cases
discuss analogous propositions, they are secondary to the main
questions involved.

We turn now to a brief review of a few of our own decisions.
In *Chandler v. Keith*, 42 Iowa 99, the stock subscriptions pro-
vided for the payment of 20 per cent of the amount in install-
ments, and the balance as required by the majority of the stock-
holders.   The court held that, in the event of insolvency and
neglect and refusal of the directors and stockholders to demand
payment of the 80 per cent unpaid upon the subscriptions, the
defendant could not be required to pay any·part thereof until
it had been found by the court that the same would be necessary
to pay the debts of the corporation, and that, in the absence of
such finding, the receiver could not maintain an action against
a subscriber on his contract.   To the same effect see *Stewart v.
Lay*, 45 Iowa 604.   Some reliance is placed by counsel for
appellees upon *State v. Union Stock Yards St. Bank*, 103 Iowa
549.   That was an action in which the plaintiff sought to re-
cover an assessment on the stockholders of the defendant bank,
for the purpose of securing funds with which to pay creditors.
Nothing said in that case is at all decisive of the question at issue.
Other cases cited and relied upon by counsel are *Esgen v. Smith*,
113 Iowa 25, and *Paine v. Mueller*, 150 Iowa 340.   In the *Esgen*

case, the court discussed briefly the question of contribution between stockholders. The discussion of this subject in that case was, however, based upon Section 1633 of the Code. The court also gave some consideration to the so-called ''trust-fund'' doctrine, as applied to stockholders' obligations to creditors. The court, in referring to this doctrine, said:

''It is sufficient to say that, whatever rule may be adopted, be it the 'true-value' or the good-faith one, it is a rule for the benefit of creditors, and not for the advantage of stockholders.''

It is likewise apparent that none of the decisions of this court referred to above are decisive of this case. The question has not previously arisen in this state. Whatever right, if any, a stockholder who has paid his stock subscription in full, has to demand contribution from other stockholders who have not paid, for the purpose of equalizing losses, the legislature of this state has gone no further than to recognize the right of a stockholder whose property has been appropriated or applied to the payment of corporate debts to recover contribution from other stockholders whose individual property was also liable therefor.

Property of an insolvent corporation in the hands of a receiver is in the custody of the court. The receiver, who has been termed the ''arm'' or ''hand'' of the court, by which it seizes property of the corporation of the insolvent and preserves it for the benefit of whoever shall ultimately be entitled thereto, is an officer of the court, and acts under its direction. He must preserve the property that comes into his possession, and when the debts of the insolvent are paid, it is his duty, under the direction of the court, to make an equitable distribution of the surplus, if any, among the stockholders. Claims of stockholders, whatever they may be, one against another, are purely personal. The mere right of a receiver to maintain an action to recover from a stockholder the amount due and owed by him on his subscription for stock when the same is necessary to pay the corporate debts, affords little analogy for the contention of appellant that he may maintain a similar action for the exclusive benefit of stockholders. When the receiver has collected the assets of the corporation, primarily liable for the payment of corporate debts, and applied the same, so far as necessary, to the discharge thereof, and has made an equitable distribution

among the stockholders of any surplus remaining, under the direction and authority of the court, he has performed all of the duties relating to the corporation.  If he goes beyond that, and attempts to collect unpaid subscriptions for the purpose of equalizing the burdens of stockholders, the duty assumed is not for the benefit of the corporation, but solely for the benefit of stockholders.  If they are entitled to relief one from another, we see no reason why they may not proceed as in other cases in their own right, to enforce the same.

Controversies between stockholders as to their liability to each other would seem to be no concern of the receiver's.  The purpose for which he was appointed having been fully carried out, it is our opinion that he cannot, in the absence of a statute conferring such authority, maintain an action in equity against subscribers for stock who have defaulted in the payment thereof, for the sole and exclusive benefit of such stockholders as have paid their subscription in full, or who have contributed a larger amount than they to the capital of the corporation.  The receiver does not, by virtue of his appointment, in this respect represent stockholders.

Appellees base some contention upon the opinion of the circuit court of this circuit in *Carey v. McMillan*, 289 Fed. 380. But little is said in the opinion in that case that is pertinent to the present inquiry.  Perhaps the discussion therein of the subject of joinder of actions tends to support our conclusion.

The arguments of counsel for appellees in this case take a much wider range than the decisive issues require.  We therefore refrain from discussing them.  We recognize, and have no intention of restricting for this court, the ever widening scope of the equitable jurisdiction of the courts, and nothing we have said should be interpreted as so intended.  We do not overlook the maxim that "equality is equity," nor deny that the remedy sought, if any exists, would be a convenient and economical one. Nothing said in this opinion has anything to do with any right, legal or equitable, which one class of stockholders of the insolvent corporation may have against another for contribution or to equalize losses.  Upon this question we express no opinion.  Our conclusion is that the receiver has no right to maintain this

action for the exclusive benefit of the stockholders. It follows that the judgment of the court below is—*Affirmed.*

ARTHUR, C. J., EVANS, PRESTON, DE GRAFF, and VERMILION, JJ., concur.