## THE AMERICAN INSURANCE COMPANY V. SCHMIDT.

1. **Parties:** NOTICE. In an action by a mutual insurance company against one of its members, upon his premium notes, the defendant is an adversary party; and as such is not conclusively bound by the action of the board of directors, and is not bound to take notice of their proceedings in relation to his note.

2. **Insurance:** PREMIUM NOTE: ASSESSMENTS: PLEADING. A premium note executed by a policy holder to a mutual insurance company, promising to pay the sum therein named, "in such portions and at such time or times, as the directors of said company may, *agreeably to their charter and by-laws,* require:" by the charter the premium notes and cash premiums composed the capital stock, and this capital was declared liable for losses and expenses. *Held,* That the company could not recover on the notes for an assessment made thereon without alleging and proving that losses and expenses had actually occurred.

*Appeal from Buchanan District Court.*

TUESDAY, JANUARY 16.

DEFENDANT appeals from a judgment rendered against him upon the following "facts found" by the judge below:

Defendant made his note to plaintiff, by which he agreed to pay, for value received, in a certain policy of insurance, the sum claimed in the petition, "in such portions, and at

such time or times as the directors of said company may, *agreeably to their charter and by-laws*, require."

By the charter, the capital stock consisted of the premium notes and cash premiums taken from time to time for policies of insurance, and this capital was declared liable for losses and expenses.

On the 15th of August, 1865, and before bringing this action, the board of directors by resolution declared, in order to provide means to pay losses and expenses, that all premium notes were due, and directed the secretary to proceed at once to collect the same.

*S. W. Hart* for the appellant.

*Brown & Sully* for the appellee.

WRIGHT, J. — Defendant, by the terms of the charter, was a member of the corporation, and yet, in this proceeding, he must be regarded as an adversary party.

1. PARTIES: notice. Thus regarded, he was certainly not *conclusively* bound by the action of the directors. Nor was he required to take notice of their proceedings in relation to his note. Defendant, then, being an adversary party, plaintiff must show that payment of the note was legally and properly required, or that the right to demand payment arose under the circumstances and upon the conditions contained in the contract, the charter being taken as a part of the contract. Defendant insists that the *need* of assessments must be shown by the company, and that it is not sufficient to merely show the order or resolution for the collection of the outstanding premium notes.

It will be observed that the defendant undertook to pay in such portions, and at such time or times, as the directors

2. INSUR- ANCE: premium note: assessment: pleading. should *according to the charter and by-laws require.* His note was a part of the capital stock, and was bound for the payment of losses and expenses.

The resolution of the directors determined that it was thus liable, defendant was notified, failed to pay, and hence this action. And now, the question is, whether, by this proof, plaintiff showed a *prima facie* right to recover, or whether there should not have been proof *aliunde* that the payment of this note, with others, was necessary to meet losses and expenses.

The action of the directors was certainly not judicial in its nature, and hence, as we have already said, was not conclusive upon defendant. Nor was defendant liable at the mere discretion of the directors. There must have been actual losses or expenses before defendant was liable, for it was for these alone that he was liable, according to the very terms of his contract. We are not to be understood as saying, that an assessment might not be made to meet future contingent expenses, but what we mean is, that the directors could not, at their *mere will*, make an assessment without any occasion, as contemplated by the charter and the language of the note, and thus conclude the defendant. Then again, he was only liable in *proportion* to the amount of his note, in common with all the other stockholders. The assessment, in other words, must have been against all alike. Is the simple resolution sufficient evidence that the condition had occurred upon which defendant was liable to pay? It seems to us, upon principal and authority, not.

Defendant's undertaking was not absolute, but conditional. Plaintiff has it in its power to show affirmatively the requisite facts. It is imposing no impossible or unreasonable burden, to require that these facts should be shown in the first instance, or that the condition upon which defendant was to be required to pay, had actually occurred. The other rule imposes the burden of showing negatively that there had been no such losses and expenses, as rendered the alleged assessment necessary. And this

too, by reference to records, or the presentation of facts peculiarly within the knowledge or under the control of the opposite party.'

Now, we have already seen that defendant was only liable to pay his *due proportion* of losses and expenses. This construction as necessarily follows from the language of the contract, the nature and object of the incorporation, as though the law of the land had thus fixed the measure of his liability. This being so, the case of *Thomas* v. *Wheeler*, 31 Barb., 172, is directly in point, for it was there held that it devolved upon the *plaintiff* to show by *competent evidence* that the *contingency* had occurred upon which defendant's liability became absolute. And this view will be found sustained, more or less directly, by the following cases: *Davendorf* v. *Beardsley*, 23 Barb., 656; *Hyatt* v. *Esmond*, 37 Id., 601; *Long Point Insurance Company* v. *Houghton*, 6 Gray, 77; *Atlantic Insurance Company* v. *Fitzpatrick*, 2 Id., 279; *Savage* v. *Medbury*, 19 N. Y., 32; *Bangs* v. *Duckinfield*, 18 Id., 592; *Shaunessy* v. *Rensselaer Insurance Company*, 21 Barb., 605.

This conclusion accords with what we understand to be the true relations and respective rights of these parties. The amount of these premium notes ought not to be called in, unless the necessity therefor legally and properly arises. The due protection of a party thus conditionally liable would seem reasonably to demand that the other party should show the necessity, not by a mere declaration or resolution, but by proof that payment was legally required. This proof is easily made. The rule is calculated to well and sufficiently protect the rights of all, while the other opens a door to possible (not to say probable) fraud and injustice.

Reversed.