WARNER v. BEEM.

1. **Insurance:** PREMIUM NOTES. Promissory note in following form : " For value received in policy No. 4762, issued by the Iowa Central Ins. Co., I promise to pay to said company $350, in such portions and at such times as the directors of said company may agreeably to the charter and by-laws require, not exceeding seven per cent per year for the time insured." *Held,* that to justify a recovery the requirement of payment by the board of directors should be shown in evidence.

2. —— And on the authority of *The Am. Ins. Co.* v. *Schmidt,* 19 Iowa, 502, it should also be made to appear that losses and expenses had occurred.

*Appeal from Johnson District Court.*

SATURDAY, APRIL 26.

ACTION upon two promissory notes, of which the following are copies, to wit:

" $350.00. For value received in policy No. 4,762, issued by the Iowa Central Insurance Company, I promise to pay the said company $350.00, in such portions and at such times as the directors of said company may agreeably to the charter and by-laws require, not exceeding seven per cent per year for the time insured. Dated Marengo, this 20th day of February, 1866.                    " J. C. BEEM."

" Deposit note, $3.50. For value received in policy No. 4,762, issued by the Iowa Central Insurance Company, I promise to pay the said company, the sum of $3.50, payable in the manner and at the time the first assessment on the above premium note becomes payable. Dated Marengo, this 20th day of February, 1866. ·                    " J. C. BEEM."

Upon the back of each of the notes was the following assignment:

"For value received, the Iowa Central Insurance Company do hereby assign and transfer this note to J. C. Warner, and guarantee its payment, waiving demand and notice. July 15, 1867," duly signed by the president and secretary.

The plaintiff in his petition averred the execution of the notes; the assignment of them to him; that on the 8th day of      , 1866, the directors required the defendant to pay on said first note $24.50, being seven per cent for the time insured, which he failed to do; that on the 5th day of February, 1867, the directors required defendant to pay the full amount of said notes, according to the charter and by-laws, etc., which he failed to do. The answer was a general denial of each and every allegation of the petition.

There was a trial to the court, and the only evidence offered was, the notes and assignments; the application by defendant for insurance; directions to agents; rates of insurance. The defendant offered no evidence. Thereupon, the court rendered judgment for defendant for costs. The plaintiff appeals.

*J. D. Templin* for the appellant.

*Clark & Haddock* for the appellee.

COLE, J. — The notes sued on are not payable at any fixed time; they are payable at "such time or times as the directors of said company may agreeably to the charter and by-laws require." * * * Since the time of payment may be rendered certain, by the action of the directors, they may be regarded as possessing the requisite certainty to constitute them promissory notes; but they are not by their terms negotiable. There was no proof of any order or requirement by the directors of the company for the payment of any portion of either of the notes. In the absence of such proof, the notes are not due and the plaintiff cannot, of course, recover. In the case of *The Am. Ins. Co.* v. *Schmidt*, 19 Iowa, 502, where

such a note was given, and the charter of the company made such notes capital stock and liable for losses and expenses, it was held that, in order to recover, it was not only necessary to show the requirement of payment by the directors, but also that losses and expenses had occurred. The cases of *White* v. *Haight*, 16 N. Y. 310, and *Howland* v. *Edmonds*, 24 id. 307, are unlike this case because in those cases given to make up the capital stock, were such notes, by the fifth section of the charter of the companies, made payable absolutely, notwithstanding their language.

Affirmed.