## CHANDLER v. KEITH.

1. **Contract:** SUBSCRIPTION FOR STOCK: CORPORATION: PLEADING. The terms of a subscription to a joint stock company prescribed that after twenty per cent had been paid, the balance should be "subject to the call of the directors, as they may be instructed by the majority of the stockholders." The company having become insolvent, a receiver was appointed, who instituted an action against a stockholder for the remaining eighty per cent of his stock subscription: *Held*, that the receiver had no authority to call upon the stockholder for payment until the court had determined the amount of indebtedness of the corporation and fixed the liability of each share of the stock, and that these facts thus ascertained should be averred in the petition.

*Appeal from Benton District Court.*

TUESDAY, DECEMBER 14.

THIS is an action at law, in which the plaintiff alleges that he was duly appointed receiver of the Lamar Insurance Co., by the Superior Court of Cook county, in the State of Illinois, in an action brought in said court against said insurance company, by Edward and E. R. Burnham, on the 23d day of November, 1872; that said insurance company in April, 1870, complied with the laws of Iowa, and established a branch office at Cedar Rapids, Iowa, and became thereby virtually a corporation under the laws of this State, although originally incorporated under the laws of Illinois; that in May, 1871, the company ceased to do business, and in October, 1871, became wholly insolvent.

The petition shows that in the said action in which plaintiff was appointed receiver, a decree was entered authorizing an assessment upon the shares of stock held by the stockholders in the insurance company who had not paid twenty per cent thereon, in such amounts as, when paid, would make the payments upon the stock by each stockholder twenty per cent upon their respective shares; and authorized the receiver to enforce payment thereof. It is further shown that this decree was set aside and modified as follows: " And the said receiver is hereby authorized and empowered to compromise and settle

with any one, or more, of the stockholders of said corporation, defendant, and to take and receive from him or them such sum of money or percentage on the amount due from such stockholder or stockholders, as, in the judgment of said receiver, will be just and equitable, and a fair proportion for such stockholder to pay toward discharging the debts of the corporation. And upon such payment and settlement, said receiver is hereby directed to give and surrender to the party or parties so paying, the stock-bond or obligation of said parties, and to release and discharge the same.

"And it is further ordered, adjudged and decreed, that in case said receiver shall bring any suit to enforce the payment of any stock or other obligation due to said corporation, he shall bring suit for, and enforce such claim for the full amount of the debt or demand due. And the decree of this court, entered on the 18th day of January, 1873, and the matters therein contained, so far as the same relate to the assessment of twenty per cent, the call of fifteen per cent, and the collection of such assessment and call, be and the same is hereby, as to all future and further proceedings, vacated and declared to be of no force or effect; and said decree shall not operate as a bar to such recovery; nor shall said decree, or matters therein contained, defeat or bar any suit which said receiver may hereafter bring to enforce payment of any debt due to said corporation."

The petition further states that the defendant was a stockholder in said company to the extent of twenty shares, for which he executed to said company an obligation as follows:

"THE LAMAR INSURANCE COMPANY.

| NO. BOND. | | AMOUNT. |
|---|---|---|
| 4502 & 4519. | | $1000 each. |

Capital Stock — $1,000,000, with liberty to increase to $5,000,000. } Organized Feb. 15, 1866, under act of legislature, approved Feb. 16, 1866.

*Know all men by these presents:*

That for and in consideration of twenty shares of the capital

stock of the Lamar Insurance Company, of Chicago, Illinois, received by me, I am held and firmly bound and agree to pay the Lamar Insurance Company, of Chicago, the sum of two thousand dollars, in installments as follows: Five per cent thereof on receipt of stock certificate; five per cent in three months from date hereof; five per cent in six months from date hereof; five per cent in nine months from date, April, 1870. The balance being subject to the call of the directors, as they may be instructed by the majority of the stockholders represented at any regular meeting.

S. E. KEITH."

*Chicago, April* 19, 1870.

SIGNED AND DELIVERED IN }
  PRESENCE OF :————. }

It is alleged that the defendant had before suit paid twenty per cent on said stock, but that, after the making of the aforesaid decree, he refused to pay any more or to settle with the receiver as provided in the decree, and, therefore, the plaintiff brings this suit to recover of the defendant the sum of eighty per cent upon his stock which is unpaid. The right to recover this sum is based upon the decree above set out.

To this petition defendant interposed a demurrer, which was sustained, and, the plaintiff refusing to amend, judgment was rendered for defendant for costs. Plaintiff appeals.

*E. Latham*, for appellant.

The national bankrupt law does not suspend the State insolvent laws. (*Reed Bros. & Co. v. Taylor*, 32 Iowa, 209; *Wilson v. Bank of St. Paul*, 17 Wall., 473.) The receiver appointed by a foreign court can maintain an action where there is no contest between resident and non-resident creditors. (*Bank v. St. John*, 29 Barb., 485; *Dayton v. Borst*, 31 N. Y., 438; *Graydon v. Church*, 7 Mich., 36.) The receiver of an insolvent corporation, if he believes the same will be necessary, should require solvent stockholders to pay up the whole balance due on their stock. (*Pentz v. Henley*, 1 Barb. Ch., 122.) The defendant, having become liable by his subscription

to pay his full share as called for by the directors, might be compelled to pay the same by the receiver, without a resolution of the directors requiring payment. (*Sagory v. Dubois*, 3 Sandf. Ch., 466; *Winans v. McKean*, 6 Blatchf., 215; *Hartford & N. H. R. Co. v. Kennedy*, 12 Conn., 499.) Each stockholder is liable by the terms of the charter to the extent of his stock, and this liability is personal and cumulative. (*Ohio Life Ins. Co. v. Merchants' Ins. Co.*, 1 Humph., 1.) This liability is part of the corporate property. (*Briggs v. Penniman*, 8 Cowen, 387.)

*Wright, Gatch & Wright*, with whom is *A. Haines*, for appellees.

In an action by a receiver for the balance of a stock subscription, there must be a call or assessment, or something standing in the place thereof and equivalent thereto, either by the company or the proper court, in order to make defendant liable. (*Chandler v. Siddle*, Cent. Law Journal, July, 1874, p. 341; *Am. Ins. Co. v. Schmidt*, 19 Iowa, 502; *Warner v. Beem*, 36 Id., 385.) The petition should allege that the assessments were made in conformity with the charter and by-laws. (*Atlantic Co. v. Young*, 38 N. H., 451; *Williams v. Babcock*, 25 Barb., 109.) The rule applies equally to the company or its receiver. (*Devendorff v. Beardsley*, 23 Barb., 656; *Toll v. Whitney*, 18 How. (N. Y.), 161.)

MILLER, CH. J.—It will be seen that the defendant had paid the several installments, amounting to twenty per cent on his stock, in the manner stipulated in the obligation sued on, and that this action is brought to recover the balance, being eighty per cent of the stock purchased by the defendant. By the terms of the contract, this balance was "subject to the call of the directors as they may be instructed by the majority of the stockholders represented at any regular meeting." It is not claimed that the directors have acted in the premises or made any call or assessment upon the shares of the stockholders above the twenty per cent payable by the terms of the obligation, but the plaintiff alleges the bankruptcy of the

corporation, and bases his right to recover upon the decree of the Superior Court of Cook county, Illinois.

Upon examination of this decree we do not find that any adjudication was made of the amount of the indebtedness of the corporation, so as to show what per cent upon the shares of its stockholders was necessary to pay off such indebtedness, nor does it make, or confer authority upon the receiver to make, an assessment or call upon the stockholders for a per centum found and ascertained to be necessary to pay the debts of the corporation.

The defendant can be required to pay the unpaid balance of his stock only in conformity with his contract. He agreed to pay as called upon to do so by the directors as they should be instructed by the majority of the stockholders present. The court, in the event of insolvency and the neglect and refusal of the directors and stockholders to act in the premises, can do no more, has no greater authority to compel payment of this eighty per cent unpaid upon the shares of stockholders, than had the directors; and before the defendant can be required to pay more than the twenty per cent specified in his obligation, a call must be made upon the stockholders for the amount assessed upon the shares held by them respectively. *Warner v. Beem*, 36 Iowa, 385. And this call should be preceded by the fact that losses have been sustained by the corporation, showing a necessity for an assessment and call upon the stockholders. *The Am. Ins. Co. v. Schmidt*, 19 Iowa, 502. This fact must be shown by proper averments in the petition.

A case exactly like this, brought by this plaintiff in the Circuit Court of the United States, District of Iowa, based upon the same decree, was ruled against the plaintiff on a demurrer to the petition. See *Cent. Law Journal*, vol. 1, p. 341—July, 1874.

We are of opinion, and so hold, that the court below did not err in sustaining the demurrer to plaintiff's petition, and its judgment will be

AFFIRMED.