# Mc LAUGHLIN, RECEIVER, ET AL., v. O'NEILL, EXECUTOR.

CORPORATIONS — LIABILITY OF STOCKHOLDERS — ENFORCEMENT OF SUPERADDED STATUTORY LIABILITY OF STOCKHOLDERS OF A FOREIGN CORPORATION — EQUITY — JURISDICTION.

1.  Under the statute of Utah providing that the shareholders of a banking corporation shall be made individually responsible equally and ratably and not one for another for contracts, debts, and engagements of such corporation to the extent of their stock therein, at the par value thereof in addition to the amount invested in and due on such shares; such superadded liability of the stockholders is secondary, and is not to be resorted to unless the assets of the corporation are themselves insufficient to discharge all its obligations.

2.  The liability of the stockholders in such case is several in its nature, and not joint.

3.  In the absence of statutory regulation or proceeding for the ascertainment of the amount of the capital stock, and the deficit necessary to be covered by the superadded liability of the stockholders, and for working out the process necessary to determine the extent of the liability of the respective stockholders; as the liability is a proportionate one, and is imposed for the benefit of all creditors as a class, the remedy in the first instance is in a court of equity to obtain such necessary ascertainment and determination.  The taking of the necessary account and the making of the required ascertainment calls exclusively for the jurisdiction of a court of equity.

4.  Whenever in such case something more is necessary to be determined than the sum due the creditor, and the amount of stock held by the shareholder, as where the liability is a proportionate one, or the creditors are to be proportionately paid, a court of equity only can afford the appropriate relief

5.  A suit upon a statutory liability arising under a statute of another State like that of Utah aforesaid, can not be maintained, in the courts of this State, against an individual stockholder resident here, by the receiver of a foreign corporation or of a foreign association of creditors of such corporation, before it is judicially determined who are creditors of such corporation, and before the amount due to such creditors has been adjudicated by some court having jurisdiction to make such determination.

6. It matters not that in such a suit here the petition alleges .that it will require the entire amount for which the stockholders are liable, where it appears also that such fact has not been judicially determined in an appropriate proceeding by a court possessing adequate jurisdiction in the premises, since that fact must rest in judicial determination, before recovery can be had, and the courts of this State do not have jurisdiction to make such determination.

7. The antecedent adjudication of the matters upon which the amount of the stockholder's liability depends should be made in the courts of Utah, the jurisdiction of the insolvent corporation. Until the courts in Utah, in some appropriate proceeding, shall have judicially ascertained, and by decree, determined the amount of the deficiency for which the stockholders are responsible, no recovery can be had against a single stockholder.

8. In a suit brought in this State against an individual stockholder upon a liability created by the Utah statute aforesaid, by a special receiver, appointed in Utah in a creditor's suit, where there had been no accounting, no determination of the debts and assets of the Utah banking corporation, and no judicial ascertainment of the amount required from the stockholders, and where it appears that the property of the corporation is in charge of an assignee, and has not all been disposed of, and neither the corporation nor its assignee are parties to the suit in this State. Held that the suit can not be maintained, nor recovery had, for the reason that the court is without jurisdiction to adjudicate the matters upon which the liability of the stockholder depends, as no inquiry to which the court in the present suit could resort would result in any ascertainment of the corporate debts which would affect or be binding upon the corporation or its creditors who do not voluntarily appear and submit themselves to the jurisdiction of the court; and should our courts undertake in this suit to determine the deficit of corporate indebtedness, and the character and extent of the corporate obligations, the same matters in another suit in Utah or elsewhere against other stockholders might be determined differently, and hence the liability of the stockholders might not be made equal and ratable.

[Decided December 15, 1897.]

Reserved Questions from the District Court for Uinta County, Hon. Jesse Knight, Judge.

Action by David C. Mc Laughlin, receiver, and others, against Garrett O'Neill, executor of the last will and testament of Christopher E. Wurtele, deceased, to enforce the superadded statutory liability of stockholders in a Utah banking corporation.  ·Upon submission of a demurrer to the petition the court reserved certain questions for the decision of the Supreme Court.   The questions reserved and the material facts are stated in the opinion.

*Hamm & Arnold*, and *Brown & Henderson*, for the plaintiffs.

It is no doubt true that the statutory liability of a stockholder under the Utah statute is not, strictly speaking, an asset of the bank; it can not be enforced for the mere benefit of the corporation, and a receiver appointed to simply administer on the estate of the bank could not bring this action in any court; but in this case, the receiver is not receiver of the assets of the bank.   He was appointed at the suit of a creditor.   He was appointed in a creditors' suit seeking to marshal the claims against the stockholders and to collect and distribute the same agreeably to the rules of equity.   The receiver was appointed to collect such claims and return the same to the court.

Under the principle of comity between States, a receiver appointed in one jurisdiction may bring an action in a tribunal of another State to reduce to his possession, debts or property to which he is entitled.  (Gluck & Becker on Receivers, pp. 3–5; 178–180; Patterson v. Lynd, 112 Ill., 197; Patterson v. Bank, 32 N. Y., 21.)  This is the rule where there is no claim upon the same indebtedness or property within the jurisdiction where the suit is brought.   In this case there is no such claim.   The statute is a part of the law under which the bank was incorporated, and that law becomes a part of the contract between the people organizing it.

The liability is uncertain in amount, and depends upon principles of equity.   This presents a case for equitable

jurisdiction — not so much because of the uncertainty of the amount for which each stockholder is liable, but because of the amount to which each of the beneficiaries are entitled. The fund must be distributed in equity. Therefore an action was commenced in Utah for the purpose of judicially determining who are creditors, how much the liabilities are, how much the assets are, and to reduce them to the possession of the court for equitable distribution. The court appoints the receiver, and through its receiver comes into Wyoming where a stockholder resides and here brings an action to reduce the liability of the stockholder to the possession of the court. The present case is an appendant to the equitable action pending in Utah. All the facts are alleged which show the necessity for the payment of the entire liability of the stockholder. These facts are deemed true on demurrer, and if controverted, must be proved on the trial.

The defendant has no interest in having other parties before the court. Where the statute which creates the liability provides the procedure to enforce it, such procedings can not be had in a foreign jurisdiction, but the procedure is not regulated by statute in Utah. It must be left to the forum in which the action is brought. (Marshall v. Sherman, 42 N. E., 419.) The only reason for holding that the proceedings should be in equity is because the fund sought to be reached is a trust fund. (Wilson v. Book (Wash.), 43 Pac., 939.)

Counsel cited in addition the following authorities to sustain the right of action. (Case v. Beauregard, 101 U. S., 688; Turner v. Adams, 46 Mo., 95; Postlewait v. Howes, 3 Ia., 365; Bank v. Harvey, 16 id., 141; Cornell v. Radway, 22 Wis., 260; Sanderson v. Stockdale, 1 Md., 563; Tappen v. Evans, 11 N. H., 311; Enright v. Grant, 5 Utah, 334; Hurd v. City, 41 N. J. L., 1; Bagley v. R. R. Co., 86 Pa. St., 291; Ins. Co. v. Wright, 55 Vt., 526; Sercomb v. Catlin, 128 Ill., 556; Metzner v. Baur, 98 Ind., 425; Trust Co. v. Miller, 33 N. J. Eq., 155; 166 Mass., 414; 41 N. J. L., 1; 55 Vt.,

526, 98 Ind., 425; 67 Wis., 577; 40 Pa. St., 117; 31
N. Y., 439; 34 L. R. A., 748; 45 Ia., 604; 3 Thomp.
on Corp., Secs., 3050, 3064, 3055, 3018, 3013, 3046,
3059, 3154, 3422, 3417, 3567, 3569, 3356, 3371, 3368,
3415–18; 2 Morawetz Corp., 902.

*Clark & Ausherman*, and *Cyrus Beard*, for defendant.

The general rule is that a foreign receiver has no right
to sue in the courts of this State, and especially for a
liability of this kind.   The liability is not a debt due to
the corporation, nor is it an asset thereof.   It is a security
provided by statute for the benefit of all creditors in case
the bank becomes insolvent.   (Gluck & Becker on Re-
ceivers, 217; Beach on Receivers, Sec. 448; Thompson's
Liability of Stockholders, Sec. 342.)   Neither a receiver
nor an assignee of the corporation can enforce the liability.
(Jacobson v. Allen, 12 Fed., 454; Dutcher v. Bank, 12
Blatch, 437; Bristol v. Sanford, id., 341; Umsted v.
Buskirk, 17 O. St., 113; Notes to Alley v. Caspari, 6
Am. St., 185 et seq.)   The court appointing a receiver
can not give him extra-territorial jurisdiction.   (High
on Receivers, 2d ed., Sec. 239.)

The liability created by the Utah statute can not be
enforced in the courts of this State.

The double or statutory liability of stockholders is
the liability sought to be enforced in these sections.
This liability is not penal, neither is it in the strict sense
of the term contractual, but is a liability that but for the
statute would not exist.   It is in the nature of a security
for the debts of the corporation, and only arises when the
corporation itself becomes insolvent and unable to pay
its debts, and is to be enforced only after the assets of the
corporation have been exhausted.   The liability is not
primary, but secondary, and is to be resorted to only after
the assets of the corporation have been exhausted, and
then only ratably, that is, each stockholder is liable to pay
such an amount as his stock bears to the whole stock and
in proportion to the unpaid debts of the corporation.

(Henderson v. Turngren, 9 Utah, 432; Hdw. Co. v. M. & M. Co. (Utah), 45 Pac., 200; Allen v. Arnold, 31 Atl. (R. I.), 268; Nimick v. Iron Works, 25 W. Va., 197; Wilson v. Book, 43 Pac., 939 (Wash.); Watterson v. Masterson, 45 Pac., 1041.)

The action to enforce the liability must be in equity where all the stockholders, all the creditors, and the corporation itself can be brought before the court, and an accounting had, where it may be determined who are creditors, the amount due to each, who are stockholders, and the extent of the liability of each. The prerequisites to such an action is a judgment against the corporation and an execution issued thereon and returned unsatisfied. The courts of this State can not take jurisdiction because the necessary parties can not be brought before the court, and proper relief can not be granted. (Terry v. Little, 101 U. S., 216; Tube Works v. Ballou, 146 U. S., 517; 17 O. St., 116; 31 Atl., 268; 148 N. Y., 9; 100 Ill., 225; 154 Mass., 203; 14 Wis., 700; 144 Mass., 341; 142 id., 349; 112 Ill., 196; 6 Fed., 797; 15 Colo., 38; 43 Pac., 939; 93 U. S., 228; 139 Ill., 326; 20 Wall., 520; 161 Ill., 497; 7 Or., 329; 13 Wis., 63; Thompson's L. of S., Sec. 361.)

Potter, Chief Justice.

The questions reserved for the decision of the court arise upon a demurrer to the petition. In substance the allegations of the petition are, that the Park City Bank was on the 12th day of June, 1893, and for a long time theretofore had been a banking corporation, created and existing under the laws of Utah Territory, and under the provisions of Chapter IX, Part 4, Volume 2, of the Compiled Laws of Utah Territory, 1888, and, as such corporation, was then and had been engaged in general banking business at Park City, Summit County, Utah Territory.

That on the date aforesaid the said bank was indebted upon a certificate of deposit to Cornelius Mc Laughlin, of said county and State, in the sum of twenty thousand

dollars, with interest, and in an action brought in the Third District Court of Utah Territory, county of Salt Lake, by said Cornelius Mc Laughlin, and continued after his death in the name of Edward Mc Laughlin, executor, a judgment was had and recovered against said bank and in favor of said executor for the sum of twenty-one thousand three hundred and fifty-one dollars and eighty-one cents, and twenty-one dollars and five cents costs, which said judgment remains due and unpaid. That on the date aforesaid said bank was insolvent and unable to pay its debts, and thereupon on said date, made an assignment of all its property for the benefit of its creditors to Edwin Kimball, of said Summit County, Utah Territory, as assignee, who immediately took possession of all the assets of the bank, and proceeded to the collection thereof, and to administer its affairs, and continued in possession as such assignee until his death on or about October 11, 1893. That on June 12, 1893, aforesaid, said bank ceased to carry on business in any manner whatever, and remained totally insolvent and unable to pay its debts. That the total liabilities of the bank, at the date of the assignment, aggregated the sum of $139,147.35, which consisted of the judgment aforesaid, and indebtedness for moneys deposited, and upon bills of exchange, drafts, and book accounts, and is legal, and that all are legal and proper claims against the said bank. That the names of various creditors are too numerous to be set out in the petition, but are attached to the claim presented to the defendant as executor, and the action is brought by plaintiff in the right of said creditors and of each and every one thereof. That the total collectible and available assets of said bank do not exceed fifty thousand dollars, and did not exceed that amount at the time of the assignment. That they consisted in part of the bank house and lot at Park City, Utah, of an estimated value of fifteen thousand dollars, but at present no sale thereof can be made, and there can be no realization of the assets to apply toward the payment of debts for a

long time to come. The remainder and principal portion of said estimated assets consists of bills receivable and outstanding indebtedness which it will take a great length of time to collect and realize upon. That under the laws of Utah it was provided that, "*The shareholders of all banking or saving associations organized under this law shall be made individually responsible equally and ratably, and not one for another, for contracts, debts, and engagements of said association made or entered into to the extent of the amount of his stock therein, at the par value thereof in addition to the amount invested in and due on such shares.*" That the total capital stock of the Park City Bank consists of five hundred shares of the par value of one hundred dollars each, and aggregated fifty thousand dollars. That at the time of the insolvency and assignment Christopher E. Wurtele held one hundred and sixty-three (163) shares of said stock, and there follows a statement of the other shareholders, by which it appears that all but two hundred and fourteen shares were held by residents of Utah, one other stockholder to the extent of fifty shares residing at St. Louis, Missouri, and one whose place of residence is not indicated, holding one share. That said Wurtele, late of Uinta County, in this State, was the owner and holder of said one hundred and sixty-three shares until his death, and was such owner and holder at the time that all of said indebtedness of the bank was incurred. That the entire solvent assets of the bank will be insufficient to pay more than thirty per cent. of its liabilities, after paying expense of collection and administration of its affairs. That, after the application of all said assets to the discharge of the debts there will remain due and unpaid to the creditors a sum in excess of seventy-five thousand dollars. That, by reason of said Utah statute, the stockholders became and are liable to the creditors to the extent of the total par value of such stock, and the estate of said Wurtele is liable to the full par value of the stock held by him, amounting to the sum of $16,300. It is then alleged that on the 14th day of

August, 1894, Edward Mc Laughlin, executor of the last will and testament of Cornelius Mc Laughlin, deceased, filed his complaint in the Third District Court of Utah Territory, a court of general jurisdiction, against the Park City Bank and its stockholders, setting out the facts aforesaid, and praying judgment against the stockholders in accordance with their said liabilities, and for the appointment of a receiver for the purpose of collecting the amounts due from the various stockholders for the use and benefit of the creditors of said bank; and that court on the same day made an order in said cause duly entered appointing the plaintiff special receiver with full power and authority to collect and receive from each and all of the stockholders the various sums for which they are respectively liable, with full power and authority to bring suit therefor either in Utah Territory or in foreign jurisdictions where they might be or reside, or where they or either of them might have property. The death of said Wurtele on June 19, 1893, and the due appointment and qualification of defendant as executor is alleged; and also that on the 15th day of August, 1894, within twelve months of the date of the letters testamentary issued to the defendant, the plaintiff duly presented on behalf of all the creditors of said bank, the claim sued on supported by affidavit as required by law, which said claim is on file in the court (district court of Uinta County, Wyoming). That the executor refused to indorse his allowance or rejection upon the claim, and the plaintiff elected to construe such refusal as a rejection of the claim. The prayer of the petition is for judgment against the defendant as executor for $16,300, with interest, and for such other relief as plaintiff may be entitled to.

The demurrer attacks the petition on the following grounds : 1. That there is a defect of parties plaintiff. 2. That plaintiff has no legal capacity to sue. 3. That it appears from said petition that there is another action pending between one of the parties represented by the plaintiff and this defendant. 4. That there is a mis-

joinder of parties plaintiff.    5. That the petition does not state facts sufficient to constitute a cause of action.

The cause coming on to be heard upon the demurrer, and being submitted, the district court upon its own motion determined that the questions arising in said action were important and difficult, and ordered that the same be reserved to this court for its decision, and certified the following questions for our consideration.

1. Under the Utah statute set out in the petition, can this action be maintained, if at all, by the receiver, or must the action be brought by the creditors?

2. Can the action be brought against one stockholder without joining all of the stockholders as defendants?

3. Is there a defect of parties defendant?

4. Can the receiver maintain this action on his own behalf, and for the benefit of all creditors, or must each sue individually?

5. Is there a defect of parties plaintiff?

6. Can the action be maintained in the State of Wyoming by or on behalf of a creditor who has not reduced his claim to judgment against the corporation, and has execution returned thereon unsatisfied?

7. Will the courts of this State enforce the statutory liability of a stockholder imposed by the laws of a foreign State or Territory against a stockholder of such foreign bank, where the stockholder is a resident of this State and when the suit is brought by a foreign receiver, or creditor?

8. Can a receiver of a foreign corporation, or of a foreign association of creditors, sue a stockholder who resides in this State, in the courts of this State, for a statutory liability created by the laws of such foreign State or Territory, before judgment is obtained by the creditor or creditors against the corporation, or before it is judicially determined who are such creditors, and before the amount due such creditor or creditors has been adjudicated?

9. Can the receiver maintain this action when suit has

been brought by one creditor on behalf of himself and all other creditors against a stockholder for the same indebtedness?

10. Does the petition in this case state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant?

11. Should the demurrer be sustained?

The subject of a superadded statutory liability of stockholders in corporations, and its enforcement in jurisdictions other than that wherein the corporation was organized and transacted business, has been before the courts in almost every conceivable form.     Largely on account of the different statutory provisions, it is difficult to reconcile all the decisions upon some propositions.     In this case that difficulty is to a great extent, if not entirely, eliminated.     In our view of this case upon some of the reserved questions, it will be impossible to render a categorical answer to many of them, and unnecessary and improper to express any opinion upon others.

In varying forms the questions have arisen in some of the courts upon statutes or charters which impose upon shareholders an individual liability for all debts of the corporation.     In others where there exists a similar personal liability to the amount of stock held by the shareholder.     In still others where the liability is in proportion to the amount of the stock held but unlimited in amount. In Utah the superadded responsibility under the statute pleaded differs from all these.     There, the liability is "equally and ratably and not one for another,"    *    *    * "to the extent of the amount of his stock therein at par value thereof."     That statute has not been construed by the court of last resort in Utah, nor, so far as we are advised, by any of the courts of that State.     A determination of the questions before us requires a consideration of the character of the liability imposed, and the method by which it may be adjudicated and enforced.

In the first place it is conceded, and properly so, that the stockholder's superadded liability is secondary, and is

not to be resorted to, unless the assets of the corporation are themselves insufficient to discharge all its obligations. Such liability is several in its nature, and can not be made joint; the stockholders are not liable one for another.

The statute of the United States respecting stockholders in national banks is almost in the exact language of the Utah statute. The latter resembles the former so closely as to encourage the suspicion that it was copied from it. The federal provision has received the construction of the Supreme Court of the United States in the leading case, U. S. v. Knox, 102 U. S., 422. It was there held that the shareholders' liability was several, and that they were not guarantors or sureties " one for another " as to the amount which each might be required to pay. That the insolvency of one stockholder, or his being beyond the jurisdiction of the court, does not in any wise affect the liability of another. That each stockholder was bound to contribute only such sum as will bear the same proportion to the whole amount of the deficit as his stock bears to the whole amount of the capital stock of the bank at its par value.

Under a constitutional provision similar to the statute of Utah, the Supreme Court of Washington has held that the liability is secondary, and not primary. Wilson v. Book et al., 43 Pac., 939, 13 Wash.

In New York a statute concerning a certain class of corporations imposed a liability upon stockholders " equally and ratably," and it was held that it was several, each being liable for his equal ratable proportion of the debt. Matter of the Hollister Bank, 27 N. Y., 393.

In the case of the statute under consideration, the liability can not exceed the amount of the stock held by the stockholders respectively. It may be less than that amount, depending upon the deficit after applying to the corporate debts, the corporate assets. It is a proportionate responsibility, but not one for another. The question then naturally arises, In what method is that liability and the extent thereof to be established ? In the case of the

United States v. Knox, supra, the court said : "In the process to be pursued to fix the amount of the separate liability of each of the stockholders, it is necessary to ascertain, 1, the whole amount of the par value of the stock held by all the shareholders; 2, the amount of the deficit to be paid after exhausting all the assets of the bank; 3, then apply the rule that each shareholder shall contribute such sum as will bear the same proportion to the whole amount of the deficit as his stock bears to the whole amount of the capital stock at its par value. There is a limitation to this liability. It can not exceed the entire amount of the par value of the stock."

In regard to national banks, that determination and application is delegated to the comptroller of the currency. He ascertains the amount of the capital stock, and the deficit, and makes the assessment accordingly, whereupon the receiver may sue at law to recover from any particular shareholder. Kennedy v. Gibson, 8 Wall., 498 ; U. S. v. Knox, supra.

In Utah no provision has been made for such ascertainment, and working out of the process necessary to determine the extent of the liability of the respective shareholders. It is therefore apparent that such authority resides in the courts. It would seem equally apparent that the nature of the inquiry appeals to their equitable jurisdiction. We understand it to be conceded that a court of equity has peculiar cognizance of such a proceeding and that only in equity can the whole matter be finally adjudicated. The charter of a bank in Alabama contained the following provision : "Individual stockholders, having shares in said bank, shall be bound respectively for all the debts of the bank in proportion to their stock holden therein." In its effect this closely approaches the Utah statute, except the liability is unlimited as to amount. In reference to that provision, Chief Justice Waite, delivering the opinion of the Supreme Court in a suit brought by one creditor at law against a single shareholder, said, "It is certain that no stockholder is liable for more than

his proportion of the debts. This proportion can only be ascertained upon an account of the debts and stock and a *pro rata* distribution of the indebtedness among the several stockholders. The proper action, therefore, to enforce the liability is one in which such an account can be stated and distribution made. Such an action calls specially for the exercise of the powers of a court of equity, which can bring before it all the necessary parties, and adjust all their rights. Every stockholder, when called upon to perform his obligation, has the right to require that the extent thereof shall then be determined once for all, as well that which he is under to his associate stockholders as that to the creditors. Otherwise he might be made to respond to the creditors under one rule, and obtain his relief from the other stockholders under another. *The provision, therefore, for a proportionate liability is equivalent to a provision for an appropriate form of equitable action to enforce it.* The case is different from what it would be if the charter had provided generally that all stockholders should be individually liable for the payment of the debts." (Pollard v. Bailey, 20 Wall., 520.)

The character of the Utah statute would seem to dispense with any idea of contribution or suits therefor between stockholders; the principle therefore applies in this case with even greater force that their liability shall be measured by the same rule, in order that it may be equal and ratable. The doctrine of Pollard v. Bailey, supra, was followed by the same court in Hornor v. Henning et al., 93 U. S., 228. That involved an action by a single creditor at law against corporate trustees for a liability occasioned by allowing the indebtedness of the corporation to exceed its capital stock in amount. The statute rendered the trustees personally and individually responsible to the creditors for such excess. It was held that the trustees were liable to the creditors as a body. That they were only liable so far as considering the assets of the corporation, resort to them was necessary; that the

liability constitutes a fund for the benefit of all the creditors who are entitled to share in it, in proportion to the amount of their debts, so far as necessary to pay such debts. That much being decided, the court, by Mr. Justice Miller, said: "The remedy for this violation of duty as trustees is in its nature appropriate to a court of chancery. The powers and instrumentalities of that court enable it to ascertain the excess over the capital stock, the amount of this which each trustee assented to, and the extent to which the funds of the corporation may be resorted to for the payment of the debts; also the number and names of the creditors, the amount of their several debts, to determine the sum to be recovered from the trustees, and apportioned among the creditors — in a manner which the trial by jury and the rigid rules of common law proceedings render impossible." This serves to illustrate the proposition that whenever something more than the sum due the creditor, and the amount of stock held by the shareholder, is necessary to be determined, as where the liability is a proportionate one, or the creditors are to be proportionately paid, a court of equity only can afford the appropriate relief.

Judge Thompson, in his Commentaries on the Law of Corporations, lays down the rule where the statute is so framed as to make the liability one not to separate creditors who may proceed against them, but to the *creditors as a class*, the remedy will be exclusively in equity, to the end that there may be an equal distribution among the creditors, and an equal assessment upon the stockholders. (Sec. 3434.) And also that where the liability is in proportion to the stock held, it is to be inferred that the appropriate proceeding to enforce it would be to ascertain, by the taking of an account, the total amount of the indebtedness of the corporation; then, to determine who are liable to contribute as shareholders, and what is each shareholder's fractional portion of the whole capital stock, and that a proceeding of this kind resembles strictly the administration of an insolvent estate, and

obviously refers itself to a court of equity. He adds, "It is difficult to understand how a court of law could do complete justice in such a case." (Sec. 3440.) See also Pfohl v. Simpson, 74 N. Y., 137.

The constitution of Washington provides substantially that each stockholder of any banking corporation shall be individually and personally liable equally and ratably, and not one for another, for all contracts, debts, and engagements of such corporations to the extent of the amount of their stock therein, in addition to the amount invested in such shares. The supreme court of that State, in construing that provision, held that the fund to accrue from the superadded liability of stockholders could be reached only in equity, and for the benefit of all creditors, and the right of one creditor to sue a single stockholder at law was denied. Wilson et al. v. Book, 43 Pac., 939, 13 Wash. Watterson v. Masterson, 46 Pac., 1041.

The decisions last above cited practically hold that the security provided is for the creditors as a class. They furnish the only instances we have noticed of judicial construction of a provision similar in all respects to that of the Utah statute with the exception of the cases based upon the congressional enactment concerning national banks.

The proposition, therefore, would seem to be unquestionable that under the Utah statute, on the ground either that the liability is a proportionate one, or that it is imposed for the benefit of all the creditors as a class, an ascertainment or a determination of the amount of the liability calls exclusively for the jurisdiction of a court of equity, at least in the first instance. The account necessary to be taken to establish the aggregate of the deficit which the statutory liability of the stockholders is to cover, can only be taken in an equitable proceeding.

Now, in the creditors' suit brought in Utah, wherein the corporation and all the stockholders were made parties, and the special receiver was appointed, it will be observed that on the day the suit was commenced the order appoint-

ing the receiver was entered. There had been no accounting; no determination of the debts and assets of the corporation, and no ascertainment of the amount required from the stockholders. It seems to be the theory of the present suit, that, after the stockholders shall have been made to respond, and all the fund is in court, such further proceedings will be had, in the Utah case, as may be necessary to ascertain the deficit, and the correctness of the creditor plaintiff's allegations in that regard. But, after the full amount of the stockholders' liability has been collected, there would hardly exist any reason for such an ascertainment, the only matter which would then require the aid of the court would obviously be a distribution among creditors. We would, therefore, be in the presence of this anomalous condition — that of admitting that only through the medium of an equitable proceeding can the liability of the shareholder be established, but postponing any action in such proceeding looking to a determination of that matter until the amount in full has been collected. In other words, say to the stockholder, We do not know yet just what your responsibility will amount to, although without judicial investigation, we think it will be the aggregate amount limited by statute, but we shall require you first to pay that aggregate amount, and then such proceedings will be conducted as will actually determine whether you ought to pay that full amount or any other amount or not.

Counsel for plaintiff in their brief seem to further concede that the equitable proceedings should be brought in Utah, and refer to the case at bar as an "appendant" to the suit pending in that State. If that court has jurisdiction to consider and adjudicate upon the amount to be collected from the stockholders, then, according to some authorities, after ascertaining the amount by decree, and ordering the payment and collection thereof, a suit for the same would be properly brought at law. Thompson, Secs. 3567, 3568.

The theory of the present suit, if we understand coun-

sel's contention, is that it is also in the nature of an equitable proceeding. It is manifest that only through the exercise of equitable jurisdiction can the required investigation necessary to a complete determination of the case be conducted. We are, then, confronted with one suit in equity in this State as supplementary to another suit in equity in Utah. Such a condition of affairs is said by the learned author whose work has been cited to involve a solecism. (Thompson, Sec. 3569.) The purpose of the two suits, so far as they go, is apparently precisely the same. The one at bar is not merely to furnish supplemental aid of an equitable character to the other ; but its design is to secure the very thing which constitutes the object of the other. There is another suit pending and before this court on reserved questions which more clearly illustrates the position. It is brought against the same defendant to recover for the same liability, by the identical creditor who instituted the suit in Utah. He prosecutes it for himself and all other creditors ; and if he should obtain judgment, distribution of the proceeds would be made by the court in this State rendering the judgment. Thus the entire object of the chancery proceeding in our sister State would be fully accomplished through the medium of the action here. It is, therefore, entirely clear that the case here is not a mere aid to the one there. While the situation may not be so apparent in case of the receiver's suit, it is nevertheless the same. Possibly in the latter, a distribution would not be asked or declared, but our courts would be obliged to determine and adjudicate upon the same facts, up to the point of a recovery.

Notwithstanding the concession that the equitable proceeding in Utah is required, it is urged that owing to the allegations respecting the necessity of recovering the entire amount of the liabilities of stockholders, it is proper for the court in this State to assume jurisdiction and proceed to hearing and judgment. If that is true, the reason for the prosecution of the Utah suit is not obvious, as the very facts which must control the final disposition of the latter

suit, our court is asked to determine in the first instance. The creditor institutes a suit in equity in the jurisdiction of the corporation, setting forth in his complaint certain facts which are supposed to entitle him to the relief sought, and without further prosecution of that suit, except to secure the appointment of a receiver ex parte, comes into this State and in an action by such receiver against a single stockholder insists upon the entire facts being independently passed upon here. If any necessity existed for the proceedings in Utah, we do not comprehend the reason of the rule, if there is such, which required only the commencement there, and then a transfer of the whole matter to our courts. The difficulty surrounding any practical application of the doctrine contended for would be demonstrated in case our court should find and so adjudge that it did not require the aggregate of stockholders' liabilities. This is just the position in which a court found itself in Pennsylvania. The courts of that State having clearly decided that in respect to a kind of liability which we shall have occasion to consider by way of analogy, that for unpaid balances upon stock, the amount due must be first ascertained through equity jurisdiction, and an assessment made upon stockholders by the court, it was subsequently said that the necessity for such an assessment does not exist when the whole amount is required to pay the debts, and that, in such case, the assignee may sue at once for all. Yet, in the particular case in which that was decided, the jury found that the whole of the unpaid stock was not required ; and the court was obliged to reverse the judgment for some error in the testimony concerning the financial ability of a certain alleged stockholder. Had he been in fact a holder of the amount of stock as claimed, and entirely able to respond, the whole amount from all would not be required. That other stockholder was not a party to the suit ; yet an inquiry respecting the amount of stock held and the financial responsibility of all the holders thereof was essential to establish the fact, claimed by the assignee, that all the unpaid stock was required

from the one sued.  Citizens', etc., Bank v. Gillespie, 115 Pa. St., 564.  We believe the rule announced in that case, which is made to rest solely upon an allegation in the pleadings, can not fail to present unsatisfactory and uncertain results.

Where the statutory liability is a primary one, it is held that no prior suit of an equitable nature is required. There, in a suit by one creditor against a single stockholder, the debt against the corporation can be established against the stockholder in the absence of the former as a party.  Not only in such case is the corporation primarily liable for the debt, but the stockholder is likewise so liable.  The authorities as to primary liability, are, however, not uniform.  Some courts in such cases even hold that the suit must be in equity.  Coleman v. White, 14 Wis., 700.  That case involved a suit upon a statutory liability imposed upon stockholders for the indebtedness of the company.  The court refused to follow the lead of the New York cases, which authorized an action at law by one creditor against a single stockholder.  Although the liability was admitted to be primary in its character, it was held that the amount thereof could only be recovered in equity, in a suit by or on behalf of all the creditors, against the bank and all the stockholders, unless impracticable to bring them all before the court the cause for the omission to be shown.  The reason for the conclusion was that the liability was a proportionate one. And the court stated that the same reasons existed for making all the stockholders parties as in proceedings against delinquent stock subscribers to compel them to contribute toward the payment of the debts of an insolvent corporation.

We have, however, an entirely different question from that of a primary liability to deal with.  The debts must be obligatory upon the corporation.  Its assets are first to be resorted to by creditors.  The stockholder is not primarily liable for the debts.  His liability is a sort of security.  It follows that, at the outset, the claims of the

creditors must be established as legal.   The entire amount
of legal claims must be determined.   For the protection
of stockholders and creditors as between each other, this
ought to be determined once for all in a single pro-
ceeding.

Is it possible for such a determination to be reached in
the courts of this State where a single stockholder resides,
and without the corporation or its assignee as a party, and
with no power to require. all creditors to intervene ?
Referring to that class of cases brought for the enforce-
ment of amounts due from stockholders for unpaid bal-
ances upon stock which constitutes a direct contract
liability, and in regard to which statutory provisions for
the payment thereof or responsibility therefor are but
declaratory of the common law, the customary method is
to first procure in a court of equity a decree ordering an
assessment, after the amount necessary to collect from
stockholders has been ascertained, and thereupon the
assignee or receiver brings a suit in any jurisdiction where
the stockholder may reside to recover the amount so
assessed upon his stock.   Hawkins v. Glenn, 131 U. S.,
319; Glenn v. Ligget, 135 U. S., 533.   Numerous other
cases might be cited.   It is held in that class of cases
that the stockholder is to be considered as represented
through the corporation in the court and proceeding
wherein the order for the assessment is entered.
Whether a non-resident stockholder as to a superadded
liability would come under that rule we need not decide.
We are unable, however, upon principle to distinguish
between the cases adverted to, and any case brought for
the enforcement of a liability under such statute as that
of Utah, where at some time an ascertainment must be
made of the deficit to be covered, respecting the necessity
thereof prior to a suit against the stockholder; unless,
indeed, both objects are sought in the same proceeding.
Again, in that class of cases above referred to, the suit
wherein the assessment has been made, was, in every case
coming to our notice, brought in the State where the cor-

poration was located and had been engaged in business. Some cases have arisen where an attempt was made to collect such unpaid balances without an equitable ascertainment in the jurisdiction wherein the corporation had its legal residence and transacted its business. Such a case was Chandler v. Keith, 42 Ia., 99. The right to recover was denied. The court said: "Upon examination of this decree (referring to. a decree of a court in Illinois) we do not find that any adjudication was made of the amount of the indebtedness of the corporation, so as to show what per cent. upon the shares of its stockholders was necessary to pay off such indebtedness, nor does it make or confer authority upon the receiver to make an assessment or call upon the stockholders for a per centum found and ascertained to be necessary to pay the debts of the corporation." The decree of the Illinois court, like the order of the court of Utah, alleged in the case at bar, had authorized the receiver to collect and sue for the amounts due from the stockholders.

A similar case to the foregoing was Chandler v. Riddle, wherein Mr. Justice Miller in the federal circuit court for Iowa sustained the demurrer to a petition at law against a stockholder for the reason that no call or assessment either by the company before insolvency, or by the court since, was alleged. 1 Cent. Law J., 341. So, when an assignee in bankruptcy instituted against stockholders a suit in equity in the United States district court for the eastern district of Missouri, the circuit court of the same district having control of the bankruptcy proceedings, it was held that it could not be maintained. The reasoning of the court as reported does not go deeply into the question, and the decision seems to have been rested quite largely upon the fact that the bankruptcy court was adjusting the accounts, and proceeding to determine what calls, if any, would be necessary. The learned judge stated that bills by judgment creditors had been sustained against the corporation and its stockholders, and that, in such cases, the decree has been for an account to be taken

of the assets of the corporation, for the appointment of a receiver to whom the stockholders and officers are ordered to pay an account respectively for so much of the assets and capital stock as are necessary to pay the debts due to the creditors; the assets thus collected and received to be applied by the receiver in discharge of the debts. Myers v. Seeley, 1 Cent. Law J., 451.

In the case of Young et al. v. Farwell, 139 Ill., 326, a judgment creditor of an insolvent Michigan corporation brought in the Illinois court a creditor's bill against a stockholder and the corporation, the latter served only by publication, seeking to enforce payment of the judgment from the stockholder because of his unpaid stock. Referring to the rule that a creditor after judgment against a corporation may seek satisfaction of his judgment by a creditor's bill against a single delinquent stockholder ; and in such case the latter may file a cross bill, obtain a discovery of the other stockholders, bring them before the court, and enforce contributions, the court said, " But it is manifest this is impossible except in the State where the corporation has its existence and most of the stockholders reside. No discovery can be obtained in this State against the Chicago Mining Company, no account can be taken of its indebtedness, and no decree can be rendered winding up its affairs and apportioning its indebtedness to the solvent delinquent stockholders by our courts, for the simple reason that it is beyond the jurisdiction of our courts, and no orders made here can be obligatory upon it, or its property in Michigan, or in any other State than this." It was held that the bill could not be sustained. The court further said, after giving the reasons for its conclusions: " Since any decree which we might approve in this case could not do complete justice to those liable to be affected by it, and might do injustice to some, we decline to pass upon and determine the question stated *supra* and discussed in argument. The appellant must first seek a remedy in the courts of the State of Michigan, and there have authoritatively determined the respective

14

relations of creditors and stockholders of this corporation toward it, and toward each other, and then, if it shall be necessary, their rights as respects stockholders domiciled in this State, may be enforced in the courts of this State." See also Aultman's Appeal 98, Pa. St., 505.

In Nimich & Co. v. Iron Works, 25 W. Va., 184, the court went further, and refused to entertain a creditor's bill against stockholders of an Ohio corporation even after a court in Ohio had ascertained the deficit necessary to be made up by resort to the liabilities of stockholders.

Where a receiver of a national bank brought suit in equity against several stockholders, alleging that he had ascertained that the assets and credits of the bank were wholly inadequate for the payment of its debts, and that in his belief resort would be necessary to the whole amount of the liability of stockholders, and prayed an accounting and decree directing the defendants to pay their *pro rata* of the balance of the debt which might remain after the application of its assets; the United States Supreme Court held that the cause could not be maintained in the absence of an averment of action on the part of the comptroller touching the personal liability of stockholders; that a determination by him as to when it was necessary to institute such proceedings, and whether the whole or a part, and if a part only, how much shall be collected, was indispensable, whenever the personal liability of the stockholders is sought to be enforced, and that such determination or action on his part must precede the institution of suit by the receiver, and the court added, "The fact must be distinctly averred in all such cases, and if put in issue must be proved." In that case, however, it was also held that a suit in equity might be prosecuted if less than the whole liability was required, and an interlocutory decree might be taken for the collection of a part only, allowing the cause to stand for final decree until after further exhaustion of the bank's assets, if thought necessary, so that whether any further calls upon the stockholders shall be necessary, may then be ascer-

tained, thus avoiding as far as possible losses from delay which might be caused by insolvency or otherwise, and also the collection from the stockholders of a greater sum than necessary. Kennedy v. Gibson, 8 Wall., 498, 505.

No inquiry to which our courts in the present case could resort would result in any ascertainment of the indebtedness of the corporation which would at all affect or be binding upon it, or its assignee, its other stockholders, or any of its creditors who do not voluntarily submit themselves to the jurisdiction of the court. The appearance of the creditors can not be secured by process, unless they are found within this State. Should our courts undertake to ascertain and determine the amount of the deficit over the corporate assets, and the character and extent of the corporate obligations, the same matters in another suit in Utah or elsewhere against other stockholders might be determined differently, and the responsibility of the stockholders might not, in fact, be equal and ratable. It is urged that no such result is possible in the case at bar, as the allegation of the petition discloses such a large deficiency as to require in any event the whole sum of the responsibility of every shareholder. The trouble with that argument is that the allegation concerns a fact which, before a stockholder should be called upon to account, must cease to be a matter of averment and must rest in judicial determination. The demurrer admits the fact only as it is alleged. The corporation is not a party to this suit. Its appearance and that of its foreign assignee can not be enforced in this State. The only possible effect which the judgment of our courts in the present case could have, if the theory of the plaintiff should prevail, would be to bind and become conclusive upon the defendant, the plaintiff, and those creditors who voluntarily appear in the suit (and but one has done so) or perhaps those who should accept from the plaintiff a proportion of the proceeds of any judgment against the defendant.

Until the courts in Utah, in some appropriate proceed-

ing shall have judicially ascertained, and, by decree, determined the amount of the deficiency for which the stockholders are responsible, it is not perceived how any recovery can be had in this State, or any other, against a single stockholder.

The distinction we have attempted to show is illustrated by a case in Pennsylvania. The suit was against all of the stockholders of an Ohio corporation by a creditor who was the holder of all the corporate indebtedness. All of said stockholders resided in Pennsylvania, and were served with process; the corporation was a party, and all of its assets real and personal had been exhausted, leaving it insolvent. The recovery was sought upon the liability under the constitution and laws of Ohio, for an amount equal to the amount of their stock in addition to the stock held. After alluding to a former decision of the court in Bank of Virginia v. Adam, 1 Parsons Eq., 534, which held that a court of equity could exercise no jurisdiction to compel the stockholders of a foreign corporation residing in Pennsylvania to pay the stock subscribed to the company on the application of a creditor, but in a case wherein the corporation was not a party, and its insolvency was not alleged, Chief Justice Sharswood in the opinion said: "The record before us presents an entirely different case. The plaintiff is alleged to be the holder of all the indebtedness of the corporation, E. Ball & Co., that corporation is a party, and the bill has been taken against it *pro confesso*, — it is utterly insolvent, and all its assets real and personal, are exhausted,— and the defendants are all the stockholders; they reside within the jurisdiction, were served with process, some appearing and taking defense, and the bill taken *pro confesso* against such as did not plead, answer, or demur under a rule upon them for that purpose which was duly served. It is evident that the court had full grasp of the whole case. They could make no decree which they were not fully competent to enforce. They were not required to settle up the business of a foreign insolvent corpora-

tion. It was all settled up — the creditors paid, as far as its assets would go, by the sale of all its real and personal property. We are not called upon to say how it would be if the case were not so. The reasons against a court of equity assuming jurisdiction over the affairs of a foreign corporation are certainly very cogent, and will have to be maturely considered if such questions should hereafter arise. We do not say that the court ought not in the exercise of a sound discretion to decline to interpose at the suit of some of the creditors against some of the stockholders of such a corporation." Aultman's Appeal, 98 Pa. St., 505.

In the case at bar the circumstances are altogether of a different character — the corporation is not a party. It is alleged to be insolvent, but its assets are not exhausted; they are in the hands of an assignee; the stockholders are not all residents here, and only one is a party. The plaintiff sues in behalf of all the creditors, but they can not be required to appear and assent to such jurisdiction as the court may assume. The fact should be mentioned that in argument we were informed that another person had been appointed in place of the first assignee who was deceased. The plaintiff, as special receiver, is not in possession or control of any of the corporate assets or property. The only judgment which any court could be authorized to render against the estate represented by defendant as executor, would be one corresponding in extent to the liability created by the statute. As that liability is a ratable one, the sum to be included in the judgment should be such as would be ratable, and in proportion to the stock held, limited only by the par value amount thereof. Our courts upon the facts as stated, and in the case as brought, could not so conclusively determine the value of the assets and the amount of the legal obligations of the corporation, as to insure that the judgment would represent a ratable liability. It is difficult to imagine, therefore, what right exists under those circumstances, to render a judgment at all.

As this question must itself dispose of the issue raised by the demurrer, we do not conceive it necessary or proper that we decide whether in any suit to enforce the liability of a stockholder in this State, under the Utah statute, it should be prosecuted by a creditor or creditors, or the receiver of the corporation, or a special receiver, such as the plaintiff in this case is called. We do not doubt that as a matter of comity, in a proper case, a liability imposed upon stockholders of a foreign corporation by the laws of the State where the corporation was organized and transacted business, should be enforced by the courts of this State, against a stockholder resident in this State.

Our decision, upon the questions submitted, so far as we decide them, is as follows :

Question 1. For the reasons stated in this opinion this action upon the facts set out in the petition, can not be maintained at all.

Question 8. Neither the receiver of a foreign corporation, nor of a foreign association of creditors can maintain such a suit as the one at bar against a stockholder who resides in this State, in the courts of this State, for a statutory liability, like that of Utah pleaded in this case, created by the laws of such foreign State or Territory, before it is judicially determined who are such creditors, and before the amount due such creditor or creditors has been adjudicated by some court having jurisdiction to make such determination.

Question 10. For the reasons, and upon the grounds stated in this opinion the petition in this case does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant.

CORN, J., concurs.